**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| NATIONAL LIABILITY & FIRE INSURANCE COMPANY<br>1314 Douglas Street<br>Omaha, Nebraska  68102,<br><br>     Plaintiff<br><br>v.<br><br>BRIMAR TRANSIT, INC.<br>712 Rebecca Avenue<br>Pittsburgh, Pennsylvania  15221<br><br>     Defendant. | Civil Action No.   2:18-cv-1129 |

## **COMPLAINT**

Plaintiff, National Liability & Fire Insurance Company, by and through its undersigned counsel, Cozen O'Connor, brings this Complaint against Defendant Brimar Transit, Inc., seeking damages as well as declaratory relief pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, and various statutory, codified, and common laws of the United States of America and the Commonwealth of Pennsylvania, and in support thereof states as follows:

### **Nature of Action**

1. This is an action for damages and for declaration of plaintiff's rights and obligations, if any, with respect to a policy of insurance issued by plaintiff to defendant.

### **The Parties**

2. Plaintiff, National Liability & Fire Insurance Company ("National"), is a corporation organized and existing under the laws of the State of Connecticut, engaged in the

insurance business with its principal place of business located at 1314 Douglas Street, Omaha, Nebraska  68102.

3. Defendant Brimar Transit, Inc. (hereinafter, "Brimar") is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania which has its principal place of business in the Commonwealth of Pennsylvania and may be served at 712 Rebecca Avenue, Pittsburgh, Pennsylvania  15221.

4. Brimar is a transportation company engaged in, among other things, the operation of school buses.

## Jurisdiction and Venue

5. The Court has personal jurisdiction over this action because the defendant is a Pennsylvania corporation and is subject to jurisdiction in Pennsylvania.

6. This Court has original subject matter jurisdiction under 28 U.S.C. §1332, in that this is a civil action between citizens of different states in which the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

7. Venue is proper in the Western District of Pennsylvania under 28 U.S.C. §1391 because, *inter alia,* defendant Brimar resides in this District, and a substantial part of the events or omissions giving rise to the claim, including the insurance and business transactions at issue in this case, occurred within this District.

8. This action is brought pursuant to 28 U.S.C. § 2201, which provides that the Court may declare the rights and other legal relations of the parties.  National and Brimar are both parties having an interest in the insurance policy referenced herein.

**Underlying Action**

9. Brimar has been sued in a matter captioned, *M.M., parent and natural guardian of K.M., a minor v. Pittsburgh School Dist. and Brimar Transit, Inc.*, in the Court of Common Pleas of Allegheny County, Pennsylvania (the "Underlying Action").

10. The Complaint in the Underlying Action alleges, *inter alia*, that Brimar is a transportation company, and owed the duty of care required by a common carrier. A true and correct copy of the Underlying Complaint is attached as Exhibit "A" hereto.

11. The Underlying Complaint, *inter alia,* alleges that:

   a. "The Defendant Brimar is liable for the errors, omissions, negligence and acts of its employees, agents, drivers, and those acting on their behalf. At all times relevant hereto, the driver of the vehicle who was transporting K.M. on the date of the incident described herein was acting within the scope of the driver's employment as the agent, servant or employee of the Defendant Brimar."

   b. "K.M. was assigned transportation in which the Defendant Brimar would transport K.M. home from school. The transportation vehicle (referred to herein as "the bus" and/or "the vehicle") was not a full-size school bus, but a smaller vehicle, and, on average, approximately seven (7) students would be on the vehicle each day."

   c. "One of the students who was assigned to the same bus as K.M. was a male student who also had disabilities and behavioral problems (referenced herein as "the male student"). The male student was 12 years of age and attended the same school as K.M."

   d. "On or about Friday, April 29, 2016, K.M. and the male student were on the same vehicle being transported home from school. At said time and date, the driver of the bus was acting as the agent, servant and/or employee of the Defendant Brimar."

   e. "On Friday, April 29, 2016, another driver, who at all times relevant hereto was acting at the agent, servant or employee of the Defendant Brimar, was operating the bus. This driver breached the agreement to separate the male student and K.M., but rather allowed the two of them to sit next to each other. As a result of the failure of the Defendant to keep these students separated as agreed to, the male student was able to sexually assault K.M."

  12. The Underlying Complaint seeks damages from Brimar for bodily injury on account of abuse, molestation, and sexual contact.

### The National Policy

  13. National issued National Liability & Fire Insurance Company, Policy No. 73 APB 001185, effective 01/11/2016 to 01/11/2017 ("the Policy"). A true and correct copy of the National Policy is attached as Exhibit "B."

  14. Brimar is a Named Insured under the National Policy.

  15. The National Policy provides business auto coverage, subject to the Policy's terms, exclusions and conditions.

  16. The National Policy contains the following Exclusion:

ABUSE OR MOLESTATION EXCLUSION

PLEASE READ THIS ENDORSEMENT CAREFULLY

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM

The following exclusion is added to the policy:

This insurance does not apply to bodily injury or property damage arising out of:

(a) the alleged, actual or threatened abuse, molestation or sexual contact, whether or not intentional, by anyone of any person; or

(b) the negligent:

(i) employment;

(ii) investigation;

(iii) supervision; or

(iv) retention;

of anyone or negligent entrustment to anyone whose conduct would be excluded by (a) above; or

(c) the reporting to authorities or failure to report to authorities the alleged, actual or threatened abuse, molestation or sexual contact by anyone of any person.

All other terms, conditions and agreements shall remain unchanged.

17. The Policy further provides that the Policy does not apply to:

2. **Contractual**

Liability assumed under any contract or agreement.

But this exclusion does not apply to liability for damages:

a. Assumed in a contract or agreement that is an "insured contract" provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement; or

5

      b.      That the "insured" would have in the absence of the contract or agreement.

18. The Policy further provides that it does not apply to "'Bodily Injury' or 'Property Damage' expected or intended from the standpoint of the "Insured."

19. The National Policy affords to National a right of recoupment, as follows:

> If we initially defend an insured ("insured") or pay for insured's ("insured's") defense but later determine that none of the claims ("claims"), for which we provided a defense or defense costs, are covered under this insurance, we have the right to reimbursement for the defense costs we have incurred.
>
> The right to reimbursement under this provision will only apply to the costs we have incurred after we notify you in writing that there may not be coverage and that we are reserving our rights to terminate the defense or the payment of defense costs and to seek reimbursement for defense costs.

20. There are additional terms, provisions, limitations, exclusions, and conditions precedent to coverage in the National Policy, which is appended as Exhibit "B," all of which are incorporated herein by reference pursuant to FED. R. CIV. P. 10(c).

## The Instant Case and Controversy

21. Subject to a written reservation of rights and disclaimer, National is providing a defense to Brimar with respect to the Underlying Action.

22. National has disclaimed any insuring obligation under the Policy relative to the claims asserted against Brimar Transit, Inc. in the Underlying Action.

23. Brimar nevertheless maintains it has a right to coverage with respect to the Underlying Action.

24. An actual case and controversy has arisen with respect to the duties and obligations of National relative to the claim asserted against Brimar in the Underlying Action.

25. National is entitled to declaratory relief respecting its insuring obligations, if any, under the National Policy relative to the claim asserted against Brimar Transit, Inc. in the Underlying Action.

## COUNT I

## DECLARATORY RELIEF AGAINST BRIMAR TRANSIT, INC.

26. National incorporates by reference the foregoing allegations of this Complaint as if the same were set forth herein at length.

27. There exists a substantial, *bona fide*, actual and justiciable dispute regarding the application and interpretation of certain terms of the Policy in connection with the claims advanced against Brimar Transit, Inc. in the Underlying Action.

28. There is no coverage under the Policy insofar as the Abuse or Molestation exclusion applies in light of the allegations concerning abuse, molestation, and sexual contact in the Underlying Complaint.

29. There is no coverage under the Policy insofar as the Breach of Contract exclusion applies in light of allegations of breach of contract in the Underlying Complaint.

30. There is no coverage under the Policy insofar as the Expected or Intended exclusion applies in light of allegations of injury the Insured expected to occur.

31. National is entitled to a declaration that it has no duty to defend or indemnify Brimar Transit, Inc. in the Underlying Action.

32. Insofar as a ruling that would comprehensively declare National's rights and obligations, retrospectively and prospectively, would fully and finally resolve this controversy, there is no adequate remedy, other than that requested herein, by which this controversy may be resolved.

## COUNT II

## CLAIM FOR DAMAGES

33. Plaintiff, National incorporates by reference the foregoing allegations of this Complaint as if the same were set forth herein at length.

34. National has incurred and will pay defense costs in providing a defense to Brimar with respect to the Underlying Action.

35. Pursuant to Endorsement IL01200511, ¶ B, insofar as it is determined that such defense costs are not covered, Brimar is contractually obligated to reimburse to National all such amounts.

36. National has advised Brimar in writing that there may not be coverage, has reserved its rights, and that National reserves its rights to terminate the defense or the payment of defense costs and to seek reimbursement of defense costs.

37. National has conferred a benefit to Brimar in the form of paying Brimar's defense costs for the Underlying Action.

38. Brimar has accepted and appreciated the benefits of the payment of defense expenses.

39. There is no coverage under the Policy insofar as the Abuse or Molestation exclusion applies in light of the allegations concerning abuse, molestation, and sexual contact in the Underlying Complaint.

40. There is no coverage under the Policy insofar as the Breach of Contract exclusion applies in light of allegations of breach of contract in the Underlying Complaint.

41. There is no coverage under the Policy insofar as the Expected or Intended exclusion applies in light of allegations of injury the Insured expected to occur.

42. Because there is no coverage for the claim under the Policy, National has a right to recoup amounts it has incurred in defending Brimar, and Brimar must reimburse to National the defense expenses paid by National.

**WHEREFORE,** Plaintiff National Liability & Fire Insurance Company respectfully requests that this Honorable Court enter judgment:

(1) Awarding damages to National in the form of reimbursement to National for all defense costs (including attorney's fees) it has paid on behalf of or for Brimar.

(2) Declaring that National has no duty to defend or indemnify Brimar in the Underlying Action; and

(3) For such other relief as the Court may deem appropriate under the circumstances.

|  |  |
|---|---|
| | COZEN O'CONNOR |
| Dated: August 24, 2018 | |
| | By: */s/ Gabrielle I. Lee* |
| | GABRIELLE I. LEE |
| | One Oxford Centre, 41ˢᵗ Floor |
| | Pittsburgh, PA 15219 |
| | (412) 480-8097 |
| | gilee@cozen.com |
| | |
| | RICHARD C. MASON (*to be admitted*) |
| | One Liberty Place |
| | 1650 Market Street, Suite 2800 |
| | Philadelphia, PA  19103 |
| | (215) 665-2717 |
| | rmason@cozen.com |
| | *Attorney for Plaintiff National Liability & Fire Insurance Company* |

LEGAL\37423909\1