IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATIONAL LIABILITY & FIRE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Civ. A. No. 18-1129<br>Judge Nora Barry Fischer |
| BRIMAR TRANSIT, INC., | ) ) | |
| Defendant. | ) | |

## **MEMORANDUM ORDER**

Presently before the Court is Defendant Brimar Transit, Inc.'s ("Brimar") Motion to Dismiss Plaintiff's First Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6)[1] and supporting brief (Docket Nos. 15, 16), and Plaintiff National Liability & Fire Insurance Company's ("Plaintiff") Response (Docket No. 17). After careful consideration of the parties' submissions; the standard governing motions to dismiss challenging this Court's subject-matter jurisdiction set forth by the Supreme Court in *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936), and as articulated in Third Circuit precedent, *see, e.g.*, *Columbia Gas Transmission Corp. v. Tarbuck*, 62 F.3d 538 (3d Cir. 1995), and *Reifer v. Westport Ins. Corp.*, 751 F.3d 129, 137 (3d Cir. 2014), and for the following reasons, Defendants' Motion (Docket No. 15), is DENIED.

Plaintiff brings this case seeking a declaration that it has no duty to defend or indemnify Brimar in an underlying action ("Underlying Action") in which Brimar is alleged to be liable for

---

[1] Despite citing to Rule 12(b)(6), Brimar only argues for dismissal based on a lack of jurisdiction on the basis that the amount in controversy has not been met. Therefore, the Court will only analyze the Motion pursuant to Rule 12(b)(1).

1

compensatory and punitive damages following the sexual assault of a minor. Plaintiff also seeks damages in the form of reimbursement of defense costs already paid in the Underlying Action.[2] Brimar asserts a facial attack[3] to this Court's subject-matter jurisdiction over Plaintiff's entire case, arguing that the First Amended Complaint (Docket No. 9) fails to establish a case in controversy that exceeds the sum of $75,000, a threshold requirement for diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Docket No. 15).[4] The Court disagrees. The First Amended Complaint satisfies the amount in controversy requirement, and this Court will not exercise its discretion pursuant to the DJA to decline jurisdiction.

The First Amended Complaint pleads that the claim for damages (the cost of Plaintiff's duty to defend Brimar) will "exceed[] $65,000." (Docket No. 9 ¶ 36). But the First Amended Complaint also includes a claim for a declaratory judgment that there is also no duty on behalf of Plaintiff to defend or indemnify Brimar in the Underlying Action. (Docket No. 9 ¶ 33). For amount in controversy purposes, the value of this declaratory claim is the "value of the object of the

---

[2] The Court takes judicial notice of *M. v. Brimar Transit Inc.*, No. GD 18-3257 (Ct. of Common Pleas of Allegheny Cty.). M. sued two defendants: Brimar and the Pittsburgh Public School District. *Id.* at dkt no. 25.

[3] When reviewing a Rule 12(b)(1) motion to dismiss, the Court must distinguish between facial attacks (which challenge the sufficiency of the pleadings and require the Court to accept the plaintiff's allegations as true) and factual attacks (which requires the Court to weigh evidence relating to jurisdiction, with discretion to allow affidavits, documents, and evidentiary hearings). *Stuler v. IRS*, No. 12-cv-391, 2012 U.S. Dist. LEXIS 72782, at *3 (citing *United States ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007)); *see also Long v. Tommy Hilfiger U.S.A.*, Inc., No. 09-cv-1701, 2011 U.S. Dist. LEXIS 13782, at *7 (W.D. Pa. Feb. 11, 2011).

[4] "It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal. Accordingly, the question whether a plaintiff's claims pass the 'legal certainty' standard is a threshold matter that should involve the court in only minimal scrutiny of the plaintiff's claims." *Auto-Owners Ins. Co. v. Stevens & Ricci, Inc.*, 835 F.3d 388, 395 (3d Cir. 2016) (internal citations and quotations omitted).

litigation," *Stevens & Ricci, Inc.*, 835 F.3d at 398, determined by "look[ing] to the value of the insurance policy and the damages alleged in the underlying case." *Homesite Ins. Co. v. Neary*, No. 17-cv-2297, 2017 U.S. Dist. LEXIS 184990, at *5–6 (E.D. Pa. Nov. 8, 2017) (citing *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 877 (3d Cir. 1995)). The value of the insurance policy at issue here is $1,000,000. (Docket No. 9-3, at 55). A reasonable reading of the value of the rights being litigated in the Underlying Action—compensatory and punitive damages[5] against Brimar arising from the sexual assault of a minor—exceeds the $10,000 necessary to put the value of Plaintiff's two claims over the $75,000 threshold.[6] The allegations in the Underlying Action are of a serious nature, and the Court cannot say with legal certainty that a recovery combined with the cost of defense and the cost of indemnification upon a finding of liability would be less than $75,000. This is to say nothing of the attorney's fees in the instant case. *Stevens & Ricci, Inc.*, 835 F.3d at 396 (where insurance policy imposes duty to defend the insured, attorney's fees and defense costs are "properly included in determining the amount in controversy"). Plaintiff has met its burden to satisfy the amount in controversy.

Plaintiff seeks a declaratory judgment pursuant to the Declaratory Judgment Act ("DJA"), which gives the Court discretion to decline jurisdiction of the entire case, but the Court will not

---

[5] "A claim for punitive damages must be considered in determining the amount in controversy unless the claim is 'patently frivolous and without foundation.'" *Quinones-Velazquez v. Maroulis*, 677 F. App'x 801, 804 (3d Cir. 2017) (quoting *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1046 (3d Cir. 1993)). Brimar does not argue that the punitive damages claim is "patently frivolous."

[6] Furthermore, the demand against Brimar for just one count (negligence) in the Underlying Action is for "an amount in excess of the arbitration limits of the Court of Common Pleas of Allegheny County." *M. v. Brimar Transit Inc.*, No. GD 18-3257, dkt no. 25 ¶ 65. The Court takes judicial notice that the arbitration limits of the Court of Common Pleas of Allegheny County is $35,000. *See* Allegheny County Arbitration Court Manual 10-2.4(1)(a) (2017), available at https://www.alleghenycourts.us/civil/arbitration.aspx.

3

decline jurisdiction.[7] Applying the first of the factors laid out by the Third Circuit Court of Appeals in *Reifer*, the Court quickly concludes that the instant case and the Underlying Action are not "parallel state proceedings." 751 F.3d at 143. Plaintiff is not a party to the Underlying Action, and the question of whether Brimar's insurance policy with Plaintiff covers its potential liability is distinct from the question of whether Brimar is in fact liable to the plaintiff in the Underlying Action. The Third Circuit Court of Appeals has repeatedly held that "the issues involved in the state and federal lawsuits — the extent of the company's liability to the injured persons and the extent of coverage owed by the insurer to the company, respectively — [are] distinct." *Kelly v. Maxum Specialty Ins. Grp.*, 868 F.3d 274, 287 (3d Cir. 2017).

"[T]he lack of parallel state and federal proceedings — a significant factor favoring hearing the case — is not outweighed by other [*Reifer*] factors." *Id.* at 279. Applying the remaining *Reifer* factors to this case: (1) declaratory relief by this Court "would unquestionably clarify and settle the dispute regarding [Plaintiff's] obligations under the insurance policy;" (2) neither party will be inconvenienced by having this matter adjudicated in the federal forum, which is in the same city where the Underlying Action is being litigated; (3) "the parties do not aver that any public interest is at stake other than the usual interest in the fair adjudication of legal disputes, an interest which the District Court is well-equipped to address;" (4) while Plaintiff unpersuasively argues that the state court is more convenient, "[t]he state and federal courts are equally able to grant effective relief in these circumstances"; (5) Plaintiff's obligations under its insurance policy with Brimar is

---

[7] Even though the case also includes a claim for legal relief (i.e. the claim for damages), the Court concludes that that claim is dependent on the claim for a declaratory judgment because the damages only are available should the Court conclude that Plaintiff does not owe Brimar a duty to defend and grants the declaratory relief. *Rarick v. Federated Serv. Ins. Co.*, 852 F.3d 223, 229 (3d Cir. 2017) ("If the legal claims are dependent on the declaratory claims, however, the court retains discretion to decline jurisdiction of the entire action, consistent with our decision in *Reifer*, 751 F.3d at 144–46.").

4

not pending in a state court, nor is Plaintiff a party in the Underlying Action; (6) given the last point, there are no concerns of duplicative litigation and settling the dispute before the Court here may actually prevent duplicative litigation since "the parties have already begun to litigate the issue of coverage in the federal forum"; (7) there has been no concern expressed that the filing of this case in federal court was driven by an improper motive; (8) there is no indication that a conflict exists for Plaintiff related to any obligations it has to defend Plaintiff in the Underlying Action since Plaintiff is not a party to the Underlying Action, "nor is there reason to believe it should or might be a party." *Kelly*, 868 F.3d at 288–89.

In sum, the Court concludes diversity subject-matter jurisdiction exists, and the Court will not decline such jurisdiction over this action. Accordingly, Brimar's Motion to Dismiss (Docket No. 15) is DENIED.[8]

IT IS SO ORDERED.

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Dated: December 4, 2018

cc/ecf: All counsel of record

---

[8] The Court will not entertain arguments in support of dismissal that were articulated in Brimar's previous motion to dismiss (Docket No. 6) and accompanying brief (Docket No. 8) but not articulated in the pending Motion or its accompanying brief (Docket Nos. 15, 16). This Court's Practices and Procedures explicitly prohibit incorporating previously filed motions or briefs, and the operative briefs "must contain all information relevant to disposition of the pending motion." (Practice and Procedures of Judge Nora Barry Fischer eff. Sept. 18, 2017, available at http://www.pawd.uscourts.gov/sites/pawd/files/PandPJudgeNoraBarryFischer.pdf.)