**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NATIONAL LIABILITY & FIRE INSURANCE COMPANY | : | |
| Plaintiff | : | |
| v. | : | Civil Action No. 2:18-cv-01129-NBF |
| BRIMAR TRANSIT, INC. | : | |
| Defendant, | : | |
| and | : | |
| PITTSBURGH PUBLIC SCHOOL DISTRICT | : | |
| Intervenor-Defendant | : | |

## SECOND AMENDED COMPLAINT

Plaintiff, National Liability & Fire Insurance Company, by and through its undersigned counsel, Cozen O'Connor, brings this Second Amended Complaint against Defendant Brimar Transit, Inc. and Intervenor-Defendant Pittsburgh Public School District seeking declaratory relief pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, and various statutory, codified, and common laws of the United States of America and the Commonwealth of Pennsylvania, and in support thereof states as follows:

## Nature of Action

1.    This is an action for damages and for declaration of plaintiff's rights and obligations, if any, with respect to a policy of insurance issued by plaintiff to defendant Brimar Transit, Inc. (hereinafter, "Brimar").

## The Parties

2.    Plaintiff, National Liability & Fire Insurance Company ("National"), is a corporation organized and existing under the laws of the State of Connecticut, engaged in the insurance business with its principal place of business located at 1314 Douglas Street, Omaha, Nebraska  68102.

3.    Defendant Brimar is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania which has its principal place of business in the Commonwealth of Pennsylvania and may be served at 712 Rebecca Avenue, Pittsburgh, Pennsylvania  15221.

4.    Brimar is a transportation company engaged in, among other things, the operation of school buses.

5.    Intervenor-Defendant Public School District of Pittsburgh (hereinafter, "the School District")  is a governmental entity located at 341 S. Bellfield Avenue, Pittsburgh, PA 15213.

2

6.    The School District provides educational services pursuant to Pennsylvania law.

## **Jurisdiction and Venue**

7.    The Court has personal jurisdiction over this action because original defendant Brimar is a Pennsylvania corporation and subject to jurisdiction in Pennsylvania.

8.    This Court has original subject matter jurisdiction under 28 U.S.C. §1332, in that this is a civil action between citizens of different states in which the matter in controversy, including but not limited to, for the reasons set forth in ¶ 42, herein below, exceeds the sum of $75,000, exclusive of interest and costs.

9.    Venue is proper in the Western District of Pennsylvania under 28 U.S.C. §1391 because, *inter alia,* defendant Brimar resides in this District, the School District resides in this District and a substantial part of the events or omissions giving rise to the claim, including the insurance and business transactions at issue in this case, occurred within this District.

10.    This action is brought pursuant to 28 U.S.C. § 2201, which provides that the Court may declare the rights and other legal relations of the parties.

11.   National, Brimar, and the School District are all parties alleging an interest in the insurance policy referenced herein.

## **Underlying Action**

12.   Brimar and the School District have been sued in a matter captioned, *M.M., parent and natural guardian of K.M., a minor v. Pittsburgh School Dist. and Brimar Transit, Inc.*, in the Court of Common Pleas of Allegheny County, Pennsylvania (the "Underlying Action").

13.   A Third Amended Complaint (the "Underlying Complaint") was filed in the Underlying Action on December 7, 2018. A true and correct copy of the Underlying Third Amended Complaint is attached hereto as Exhibit "A".

14.   The Underlying Action is based upon a sexual assault that occurred on a school bus operated by Brimar on April 29, 2016.  Exh. A, ¶¶ 14, 27-29, 46.

15.   Subject to a written reservation of rights and disclaimer, National is providing a defense to Brimar with respect to the Underlying Action.

16.   School District has retained counsel of its own choosing to defend it in the Underlying Action, as National has not offered to defend, nor has it defended or appointed defense counsel for, School District in connection with the Underlying Action.

4

17.     The student-victim and student-perpetrator involved in the sexual

assault attended Pittsburgh Classical Academy, which is administered by the

School District. *Id.* at ¶¶ 2, 5.

18.     The Underlying Complaint, *inter alia,* alleges that Brimar and School

District each are liable for bodily injury arising out of a sexual assault, alleging

that:

> 6.     K.M. was diagnosed with disabilities and the
> Defendant School District is aware of these disabilities
> and her needs.  The Defendants had a duty of care to all
> students, including K.M., entrusted in their care at school
> and/or during transportation to and from school.  The
> Defendants specifically owed a duty to K.M. and
> breached said duties of care as descried herein.  The
> Pennsylvania Department of Transportation publishes
> guidelines for school bus drivers.  The Pennsylvania
> School Bus Drivers Manual, as published by the
> department of Transportation, recognizes certain duties
> that are owed to students with disabilities and/or special
> needs.  These duties would apply to both K.M. and the
> male student described herein.
>
> *            *            *
>
> 12.     K.M. was assigned transportation in which the
> Defendant Brimar would transport K.M. home from
> school.  The transportation vehicle (referred to herein as
> "the bus" and/or "the vehicle") was not a full-size bus,
> but a smaller vehicle and, on average, approximately
> seven (7) students would be on the vehicle each day.
> M.M. was notified and assured of the agreement that
> steps would be taken to protect her daughter and prevent
> the male student from sitting next to her on the school
> bus.  The school district had a duty to provide

5

transportation for K.M. and Brimar had a duty to provide safe transportation and both Defendants breached this duty. M.M. detrimentally relied on the assurances of the school district that the Defendants would adhere to this agreement. M.M. detrimentally relied on these assurances and such reliance forms the consideration of the agreement K.M. would continue to ride the bus. This consideration avoided the school district and/or Brimar from having to provide alternative transportation. The consideration between the school district and Brimar is established as a result of alternative transportation not having to be provided so long as the agreement was adhered to. M.M. relied on the agreement of the school district and Brimar that the male student would be separated from K.M. As a result of this reasonable reliance and assurance, M.M. refrained from further action as a result of the prior sexual assault in gym class.

\*       \*       \*

15.      Prior to the incident that occurred on April 29, 2016, both the Defendant Pittsburgh Public School District and the Defendant Brimar were aware of issues with and inappropriate behavior demonstrated by the male student toward K.M. This behavior originally occurred earlier in 2016. At that time, K.M. and the male student were in the same room for a physical education (gym) class. K.M. was instructed to put balls away after they were used in the physical education class. While K.M. was putting the balls away, the male student approached her and subjected her to a sexual assault by grabbing her breasts. The incident was reported to the school principal, K.M.'s teach and the other teachers. As a result of this incident, the Defendant Brimar was notified that K.M. and the male student should be separated on the school bus. M.M. relied on this agreement and understood K.M. and the male student would be separated."

\*       \*       \*

6

23.    The Defendant School District knew or should have known to keep the students separate as a result of prior incidents described above and instead placed these students on and continued to have them ride the same vehicle.

*    *    *

25.    [O]nce the sexual assault began, the driver breached her duties to the students on the vehicle by failing to be aware of what was going on or to respond to the students as the incident occurred, which allowed the assault to both and to continue.

26.    On information and belief, the driver on April 29, 2016 engaged in a pattern of texting and/or otherwise being on her cell phone, instead of paying attention to the students seated behind her.  The driver failed to respond to the events happening just a few feet away from her.

27.    During the bus trip home on April 29, 2016, the male student pinned K.M. down on the seat and was on top of K.M.  At that time, she yelled out for him to stop and the bus driver did not take any action to stop the incident from occurring or to separate the students.  The driver was negligent in failing to be attentive and/or respond and this allowed the assault to occur and continue.

28.    During this time period, the other students on the bus were yelling out to the bus driver, who ignored the cries/yells of the other students.  Sufficient time went by while K.M. and the male student were next to each other and this allowed the male student to continue with the sexual assault as a result of the driver's negligence.

29.    During this time period, the pants of both K.M. and the male student were down.  During this time period, K.M. was penetrated from behind by the male student.  In spite of the vehicle not being large and the bus driver obviously being able to hear and/or see what

7

was going on if the bus driver had been paying attention, the driver took no action to stop or prevent the assault.

30.     The incident in question was allowed to occur as a result of the Defendants breaching their agreement and procedure of separating these two (2) students.  The incident was further allowed to occur as a result of the bus driver ignoring the students and failing to pay attention to her surroundings that a sexual assault was occurring in proximity to her.

31.     In spite of the incident occurring on a Friday afternoon, M.M., the mother of K.M., was not informed of the incident until the following school week.  This prevented K.M. from being seen at Children's Hospital on the day of the incident.

*        *        *

39.     K.M. described the incident in question in detail to medical providers at Children's Hospital of Pittsburgh. This description confirmed penetration and a sexual assault.  The Children's Hospital records further confirm a report of not only penetration but kissing of her chest by the 12 year-old male student.

*        *        *

41. As a direct and proximate result of the sexual assault as described herein, K.M. has experienced great emotional distress and is at an increased risk for emotional problems that are associated with children who have suffered a sexual assault.

*        *        *

43. On information and belief, the School District was aware of the history between K.M. and the male student and had every opportunity for a monitor to be on the van/bus. The School District and Brimar could have prevented the sexual assault promptly, at the very least,

by following the steps/agreement they originally carried out in keeping K.M. and the male student separated.

                              *        *        *

45. Given the disabilities of the students, as described herein, the Defendants knew or should have known of the duty of care these students were entitled to and also knew or should have known of the obligation to provide a safe and supervised environment for their students. The Defendants have breached these obligations and duties and said breach has resulted in the damages set forth herein.

                              *        *        *

52.    This action is brought on behalf of M.M. as parent and guardian of her daughter, K.M., a minor child.  As a direct and proximate result of the claims set forth herein, the Plaintiffs are entitled to the damages set forth herein as a result of the physical sexual assault as well as the mental anguish which came about as a result of the subject claims.  These damages include those for treatment, medical tests therapy, emotional anguish, past and future medical expenses, past and future therapy expenses, post-traumatic stress, increased risk for post-traumatic stress and/or emotional issues associated with victims of sexual assault.

                              *        *        *

54.    The Plaintiff is entitled to be compensated for economic and non-economic damages as described herein, including past and future medical expenses and therapy expenses as well as pain, suffering, the loss of the basic and pleasurable activities of life and expense for psychological treatment, therapy and counseling, the need for such treatment and counseling as may arise in the future as a result to being exposed to a sexual assault as a child.  Plaintiff is also entitled to be compensated for severe emotional distress.

55.    In addition, Defendant Brimar is responsible for the actions and inactions, errors, omission, and conduct of the bus driver and/or the supervisors who were responsible for conveying the message that the male student and K.M. must be separated.  The Defendant Brimar is also responsible for blatant disregard of their obligations and breach of the duties described herein. Said conduct was outrageous and was committed with reckless indifference to the minor Plaintiff.  As a result, Plaintiff is entitled to an award of punitive damages, in addition to an award of compensatory damages.

*Id.*

*            *            *

19.    As shown above, the Underlying Complaint seeks damages from Brimar and the School District, asserting that Brimar is allegedly liable for its alleged negligence, that the School District is allegedly liable for its alleged negligence, and that each of Brimar and the School District allegedly are liable for breach of contract.  *Id.* at ¶¶ 56-96.

20.    The Underlying Complaint alleges that Brimar and the School District are accordingly subject to liability for compensatory and punitive damages. *Id.* at ¶¶ 54-55.

## The National Policy

21.    National issued National Liability & Fire Insurance Company, Policy No. 73 APB 001185, effective 01/11/2016 to 01/11/2017 ("the Policy").  A true and correct copy of the National Policy is attached hereto as Exhibit "B."

10

22.     Brimar is the Named Insured under the National Policy.

23.     The School District is not an insured under the National Policy.

24.     The National Policy provides business auto coverage, subject to the Policy's terms, exclusions, and conditions.

25.     The National Policy contains the following language:

**BUSINESS AUTO COVERAGE FORM**

**SECTION II – LIABILITY COVERAGE**

**A. Coverage**

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto." ...

*     *     *

**PENNSYLVANIA CHANGES – DEFENSE COSTS**

This endorsement modifies insurance provided under the following: COMMERCIAL AUTOMOBILE COVERAGE PART
...

**B.** If  we initially defend an insured ("insured") or pay for insured's ("insured's") defense but later determine that none of the claims ("claims"), for which we provided a defense or defense costs, are covered under this insurance, we have the right to reimbursement for the defense costs we have incurred.

The right to reimbursement under this provision will only apply to the costs we have incurred after we notify you in writing that there may not be coverage and that we are reserving our rights to terminate the defense or the payment of defense costs and to seek reimbursement for defense costs.

*     *     *

## ABUSE OR MOLESTATION EXCLUSION

PLEASE READ THIS ENDORSEMENT CAREFULLY

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM

The following exclusion is added to the policy:

This insurance does not apply to bodily injury or property damage arising out of:

(a) the alleged, actual or threatened abuse, molestation or sexual contact, whether or not intentional, by anyone of any person; or

(b) the negligent:

      (i)     employment;

      (ii)    investigation;

      (iii)   supervision; or

      (iv)   retention;

of anyone or negligent entrustment to anyone whose conduct would be excluded by (a) above; or

(c) the reporting to authorities or failure to report to authorities the alleged, actual or threatened abuse, molestation or sexual contact by anyone of any person.

All other terms, conditions and agreements shall remain unchanged.

12

26.     There are additional terms, provisions, limitations, exclusions, and conditions precedent to coverage in the National Policy, which is appended as Exhibit "B", all of which are incorporated herein by reference pursuant to Fed. R. Civ. P. 10(c).

## The Instant Case and Controversy

27.     National has disclaimed any insuring obligation under the Policy relative to the claims in the Underlying Action

28.     Brimar nevertheless maintains it has a right to coverage with respect to the Underlying Action.

29.     Furthermore, Intervenor-Defendant School District maintains it has a right to coverage under the Policy with respect to the Underlying Action.

30.     An actual case and controversy has arisen with respect to the duties and obligations of National relative to the claims asserted against Brimar and the School District in the Underlying Action.

31.     National is entitled to declaratory relief with respect to its insuring obligations, if any, under the Policy relative to the claims asserted against Brimar and the School District in the Underlying Action.

## COUNT I
## DECLARATORY RELIEF AGAINST BRIMAR TRANSIT, INC.

32.     National incorporates by reference the foregoing allegations of this Complaint as if the same were set forth at length herein.

33.     There exists a substantial, *bona fide*, actual, and justiciable dispute regarding the application and interpretation of certain terms of the National Policy in connection with the claims advanced against Brimar in the Underlying Action.

34.     There is no coverage under the National Policy insofar as the bodily injury alleged in the Underlying Complaint did not result from the ownership, maintenance, or use of a covered "auto."

35.     There is no coverage under the National Policy insofar as the Abuse or Molestation exclusion applies in light of the allegations concerning abuse, molestation, and sexual contact in the Underlying Complaint.

36.     There is no coverage under the National Policy insofar as the Breach of Contract exclusion applies in light of allegations of breach of contract in the Underlying Complaint, any contractual claim against Brimar by School District, or both.

37.     There is no coverage under the National Policy insofar as the Expected or Intended exclusion applies in light of allegations of injury the Insured expected to occur.

38.     National is entitled to a declaration that it has no duty to defend or indemnify Brimar in the Underlying Action.

39.     Additionally, National is entitled to a declaration that it has no coverage obligation with respect to any claim asserted by the School District against Brimar arising from the Underlying Action.

40.     Insofar as a ruling would comprehensively declare National's rights and obligations, retrospectively and prospectively, and would fully and finally resolve this controversy, there is no adequate remedy, other than that requested herein, by which this controversy may be resolved.

## <u>COUNT II</u>
## <u>CLAIM FOR DAMAGES AGAINST BRIMAR TRANSIT, INC.</u>

41.     National incorporates by reference the foregoing allegations of this Complaint if the same were set forth at length herein.

42.     National has incurred more than $6000 in defense costs and believes in good faith that its total liability (should it be deemed liable) for defense of the Underlying Action, exceeds $75,000 in defense fees, costs, and expenses.

43.     Pursuant to Endorsement IL01200511, ¶ B, upon determination that such defense costs are not covered, Brimar is contractually obligated to reimburse National for all such amounts.

44.     National has advised Brimar in writing that there may not be coverage, has reserved its rights with respect to the relevant exclusions, and has reserved its rights to terminate the defense or payment of defense costs and seek reimbursement of defense costs.

45.     National has conferred a benefit upon Brimar in the form of paying Brimar's defense costs for the Underlying Action.

46.     Brimar has accepted and appreciated the benefits of the payment of defense expenses.

47.     There is no coverage under the National Policy insofar as the Underlying Action does not concern bodily injury resulting from the ownership, maintenance, or use of a covered "auto."

48.     There is no coverage under the National Policy insofar as the Abuse or Molestation exclusion applies in light of the allegations concerning abuse, molestation, and sexual contact in the Underlying Complaint.

49.     There is no coverage under the National Policy insofar as the Breach of Contract exclusion applies in light of allegations of breach of contract in the Underlying Complaint.

50.     There is no coverage under the National Policy insofar as the Expected or Intended exclusion applies in light of allegations of injury the Insured expected to occur.

51.     Because there is no coverage for the claim under the Policy, National has a right to recoup amounts it has incurred in defending Brimar, and Brimar is liable to reimburse National the defense expenses paid.

52.     Insofar as a ruling would comprehensively declare National's rights and obligations, retrospectively and prospectively, would fully and finally resolve this controversy, there is no adequate remedy, other than that requested herein, by which this controversy may be resolved.

## COUNT III
## DECLARATORY RELIEF AGAINST PITTSBURGH PUBLIC SCHOOL DISTRICT

53.     National incorporates by reference the foregoing allegations of this Complaint if the same were set forth at length herein.

54.     There exists a substantial, *bona fide*, actual, and justiciable dispute regarding the application and interpretation of certain terms of the National Policy in connection with the claims advanced against the School District in the Underlying Action.

55.     There is no coverage under the National Policy given that the School District does not and never has held the status of an insured under the Policy. The School District is a stranger to the Policy and has no rights of any kind thereunder.

56.     Furthermore, there is no coverage under the National Policy insofar as the bodily injury alleged in the Underlying Complaint did not result from the ownership, maintenance, or use of a covered "auto."

57.     There is no coverage under the National Policy insofar as the Abuse or Molestation exclusion applies in light of the allegations concerning abuse, molestation, and sexual contact in the Underlying Complaint.

58.     There is no coverage under the National Policy insofar as the Breach of Contract exclusion applies in light of allegations of breach of contract in the Underlying Complaint.

59.     There is no coverage under the National Policy insofar as the Expected or Intended exclusion applies in light of allegations of injury the Insured expected to occur.

60.     National is entitled to a declaration that it has no duty to defend or indemnify the School District in the Underlying Action.

61.     Insofar as a ruling would comprehensively declare National's rights and obligations, retrospectively and prospectively, would fully and finally resolve this controversy, there is no adequate remedy, other than that requested herein, by which this controversy may be resolved.

**WHEREFORE**, Plaintiff National Liability & Fire Insurance Company respectfully requests that this Honorable Court enter judgment:

1.     Declaring that National has no duty to defend or indemnify Brimar in the Underlying Action; and

2.     Declaring that National has no coverage obligation related to any claim asserted by the School District against Brimar based upon the Underlying Action;

3.     Awarding damages to National in the form of reimbursement to National for all defense costs (including attorney's fees) it has paid and will have paid on behalf of or for Brimar.

4.     Declaring that the School District is not an insured under the National Policy and that National has no duty to defend or indemnify the School District in the Underlying Action;

5.     For such other relief as the Court deems appropriate under the circumstances.

COZEN O'CONNOR

Dated:  February 11, 2019

By:   */s/ Eugene A. Giotto*
      EUGENE A. GIOTTO
      One Oxford Centre, 41st Floor
      Pittsburgh, PA  15219
      (412) 480-8097
      egiotto@cozen.com

      RICHARD C. MASON (*admitted pro hac vice)*
      One Liberty Place
      1650 Market Street, Suite 2800
      Philadelphia, PA  19103
      (215) 665-2717
      rmason@cozen.com

      *Attorney for Plaintiff National Liability & Fire Insurance Company*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day of February 11, 2019, caused a true and correct copy of the within and foregoing Second Amended Complaint to be served upon all counsel of record via the Clerk of Court by using the CM/ECF system, which will automatically send email notification of such filing to all counsel of record for the parties:

Respectfully submitted,

COZEN O'CONNOR

By:   */s/ Eugene A. Giotto*
      EUGENE A. GIOTTO
      One Oxford Centre, 41st Floor
      Pittsburgh, PA  15219
      (412) 480-8097
      egiotto@cozen.com

      RICHARD C. MASON (*admitted pro hac vice*)
      One Liberty Place
      1650 Market Street, Suite 2800
      Philadelphia, PA  19103
      (215) 665-2717
      rmason@cozen.com

      *Attorney for Plaintiff National Liability & Fire Insurance Company*

      LEGAL\39823178\1