IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NATIONAL LIABILITY & FIRE INSURANCE COMPANY<br><br>　　　　　　Plaintiff<br>v.<br><br>BRIMAR TRANSIT, INC.<br><br>　　　　　　Defendant.<br>and<br><br>PITTSBURGH PUBLIC SCHOOL DISTRICT<br><br>　　　　　　Intervenor-Defendant | Civil Action No. 2:18-cv-01129-NBF |

**NATIONAL LIABILITY & FIRE INSURANCE COMPANY'S MEMORANDUM OF
LAW IN SUPPORT OF MOTION FOR LEAVE
TO FILE THIRD AMENDED COMPLAINT**

Plaintiff, National Liability & Fire Insurance Company ("National"), by and through its undersigned counsel, respectfully submits this Memorandum of Law in Support of its Motion for Leave to file a Third Amended Complaint pursuant to FEDERAL RULES OF CIVIL PROCEDURE 16(b)(4) and 15(a).

**INTRODUCTION**

National initiated this coverage action to obtain a judicial declaration of its defense and indemnity obligations, if any, in connection with an underlying sexual assault lawsuit filed against its insured Defendant Brimar Transit, Inc. ("Brimar").  After the lawsuit was filed, Intervenor-

Defendant Pittsburgh Public School District ("the School District") intervened in this case, seeking coverage from National under the Brimar policy.

Recent events necessitate the filing of an amended pleading. In late December 2020, National paid funds to settle the underlying sexual assault lawsuit on behalf of Brimar and the School District, subject to an express reservation of all rights which preserved its ability to challenge coverage in this matter, and to seek reimbursement of all funds paid. In addition, National has issued payment to counsel for the School District for defense costs incurred in connection with the underlying sexual assault lawsuit, also subject to a complete reservation of all of its rights. National seeks leave to file a Third Amended Complaint to reflect all of these developments and to assert claims for reimbursement of defense and settlement costs that have now been incurred by National. National's proposed Third Amended Complaint is attached hereto as Exhibit 1.

Good cause exists for the amendment because National acted diligently in seeking this relief and the proposed amended pleading asserts viable claims based on recent events. Brimar and the School District will not be prejudiced by the amended pleading, which merely seeks to clarify and supplement the existing claims for declaratory relief and assert related contractual and equitable claims for reimbursement if this Court rules in National's favor with respect to coverage. The proposed Third Amended Complaint does not inject facts outside the scope of the parties' knowledge or new legal theories into the case. Indeed, Brimar and the School District were expressly advised that National's defense and settlement payments were subject to a complete reservation of all of its rights to assert its coverage defenses and claims for reimbursement in this matter. The proposed Third Amended Complaint also will not impact any existing case deadlines. National respectfully submits that justice and equity require amendment.

**PROCEDURAL AND FACTUAL BACKGROUND**

National initiated this action by filing a Complaint on August 24, 2018. *See* ECF No. 1. The Complaint sought a declaration that National had no duty to defend or indemnify its Named Insured, Brimar in connection with a matter captioned, *M.M., parent and natural guardian of K.M., a minor v. Pittsburgh School Dist. and Brimar Transit, Inc.*, pending in the Court of Common Pleas of Allegheny County, Pennsylvania (the "Underlying Action"). In addition to seeking a declaration that National had no duty to defend or indemnify, the Complaint also sought recoupment of defense costs incurred on behalf of Brimar pursuant to an Endorsement in the Policy providing for same, if it was determined that no coverage exists.[1] At the time National's Complaint was filed, National was defending Brimar subject to a reservation of rights, including its right to see recoupment of defense costs paid on behalf of Brimar. A true and correct copy of the July 24, 2018 Letter is attached as Exhibit "B" to National's proposed Third Amended Complaint, appended hereto as Exhibit "1".

On January 4, 2019, this Court granted the School District's motion to intervene for purposes of asserting an entitlement to coverage under the Policy in connection with the Underlying Action. After holding a Status Conference on January 28, 2019, this Court permitted National to file a Second Amended Complaint seeking a declaration of no coverage as to the School District. A Second Amended Complaint was filed on February 11, 2019. *See* ECF No. 46.

In April 2019, National filed a motion for judgment on the pleadings seeking a declaration that it had no duty to defend or indemnify Brimar because the Underlying Action did not result from the use of a covered "auto", and the Abuse or Molestation exclusion in the Policy bars coverage. The motion also sought a declaration that the School District was not an insured under

---

[1] National filed a First Amended Complaint on October 5, 2018, in response to a motion to dismiss filed by Brimar asserting lack of jurisdiction. *See* ECF No. 9.

the Policy, and that the School District's claim for coverage was similarly barred by certain limitations and exclusions in the Policy. This Court denied National's motion for judgment on the pleadings on January 14, 2020 and held that the Underlying Action triggered a duty to defend Brimar and the School District. The Order did not find that National had a duty to indemnify either the District or Brimar. Indeed, the Court's Opinion specifically noted that further determinations as to National's indemnity obligations for either Defendant, if any, were "premature given the procedural posture of the state tort action and this federal insurance coverage case." *See* ECF No. 91 at p. 2.

In late December 2020, after a global mediation was convened, National advanced funds on a full recourse basis to settle the Underlying Action on behalf of Brimar and the School District, and the underlying plaintiffs' claims against Brimar and the School District were dismissed with prejudice. Brimar and School District agreed to dismiss their respective cross claims. As a result, the entirety of the Underlying Action has now been resolved. National funded the settlement to the underlying plaintiffs, subject to an express reservation of rights which preserved its ability to challenge coverage in this matter and seek reimbursement of all funds paid. Not only was this reservation carved out in the settlement agreement, but Brimar and the School District were notified in writing prior to the execution of the settlement documents that National fully intended to seek reimbursement of the settlement payment. A true and correct copy of the December 4, 2020 Letter is attached as Exhibit "C" to Exh. 1.

The parties held a telephonic status conference on January 14, 2021 at which time National again advised Brimar and the School District of its intention to both seek disposition of the remaining coverage issues, and to file an amended complaint in light of recent developments. Counsel for defendants were not agreeable to proposing a joint deadline for National to seek leave

to amend. On January 15, 2021, this Court issued an Order requesting the parties to submit a joint report with proposed deadlines to move the case forward. Based on the parties' January 14, 2021 conference, the parties agreed to provide separate proposals containing their respective positions on next steps. National sought a deadline to seek leave to amend, and on January 26, 2020, the Court issued an Order directing National to seek leave to file its Third Amended Complaint on or before February 12, 2021. *See* ECF No. 121.

In accordance with the Court's January 14, 2020 Order, and without waiving any of its rights to appeal same, on February 10, 2021, National issued payment to counsel for the School District in the amount of $266,800.86 for documented defense costs paid for work incurred in defense of the School District in the Underlying Action. A true and correct copy of the February 10, 2021 letter is attached as Exhibit "D" to Exh. 1. National's payment of the School District's defense costs was made subject to all of its rights to dispute coverage, and National expressly advised the School District that it fully intended to seek reimbursement of all monies paid to or on behalf of the School District, including defense and settlement payments. *Id.* Additionally, National has incurred $80,958.79 in defense costs on behalf of Brimar in connection with the Underlying Action.

## ARGUMENT

### A. Standard of Review

A party seeking leave to amend the pleadings after the deadline set by a court's case management order must first satisfy the requirements of FEDERAL RULE OF CIVIL PROCEDURE 16(b)(4). *Premier Comp Sols., LLC v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020). Rule 16(b)(4) permits a case management order to be "modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). "Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility." *In re Burlington Coat*

*Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). Thus, good cause requires a demonstration of diligence. *Premier Comp Sols., LLC*, 970 F.3d at 319; *see also Trask v. Olin Corp.*, No. 12-CV-340, 2016 WL 1255302, at *7 (W.D. Pa. Mar. 31, 2016) (holding that the plaintiffs "exhibited due diligence as required by Rule 16(b)(4) in seeking leave to amend as soon as practicable, once fact discovery concluded").

Once the moving party demonstrates good cause under Rule 16(b)(4), the court should consider the motion under FEDERAL RULE OF CIVIL PROCEDURE 15's standard. *Premier Comp Sols., LLC*, 970 F.3d at 319. As such, "a party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* "[M]otions to amend pleadings should be liberally granted." *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004) (citations omitted). This is particularly true where the movant seeks to amend the pleadings to conform them to the facts of the case. *See Greygor v. Wexford Health Sources, Inc.*, No. 14-cv-1254, 2016 WL 772740, at *4 (W.D. Pa. Feb. 27, 2016); *Wainwright v. City of Sharon*, No. 14-CV-1212, 2016 WL 110015, at *4 (W.D. Pa. Jan. 11, 2016) (granting request to amend where party was "merely seeking to utilize facts adduced during discovery to clarify and refine their claims…").

The Third Circuit has "expressed a preference for allowance of the amendment, so long as the opposing party is not prejudiced" by delay. *DLJ Mort. Cap., Inc. v. Sheridan*, 975 F.3d 358, 369 (3d Cir. 2020) ("It is well-settled that prejudice to the nonmoving party is the touchstone for the denial of an amendment.") (internal citations omitted). Prejudice may be found when "allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories." *Battle Born Munitions, Inc. v. Dick's Sporting Goods, Inc.*, Civ. Act. No. 18-1418, 2019 WL 5394750, at *3 (W.D. Pa. Oct. 22, 2019) (quoting *Graham*, 271

6

F.R.D. at 123). "Given the liberal standard under Rule 15(a), 'the burden is on the party opposing the amendment to show prejudice, bad faith, undue delay, or futility.'" *Id.* (quoting *Graham*, 271 F.R.D. at 123).

### B. National's Proposed Third Amended Complaint

National's proposed Third Amended Complaint seeks: a declaration that National has no duty to defend Brimar for the Underlying Action (Count I); a declaration that National has no duty to indemnify Brimar for the Underlying Action (Count II); contractual recoupment of defense costs paid on behalf of Brimar (Count III)[2]; and restitution of defense and settlement payments made on behalf of Brimar under a theory of unjust enrichment (Count IV). *See* Exh. 1. The proposed Third Amended Complaint further seeks: a declaration that National has no duty to defend the School District (Count V); a declaration that National has no duty to indemnify the School District (Count VI); restitution of defense and settlement payments made on behalf of the School District under a theory of unjust enrichment (Count VII); or, in the alternative, a declaration that National's defense obligation, should it be found to exist, extends only to defense costs which are shown to be reasonable and necessary and that National is entitled to reimbursement of defense costs deemed unreasonable or unnecessary (Count VIII). *Id.*

Counts I, II, V and VI seeking declaratory relief are not "new" claims and were pleaded in the pending operative complaint. *See* ECF No. 46. The declaratory judgment claims have been broken down for clarity in light of this Court's January 14, 2020 Order regarding the duty to defend but the coverage defenses giving rise to these claims have not changed. Similarly, Count III seeking contractual recoupment of defense costs was previously pleaded. *Id.* Thus, the only "new"

---

[2] If it is ultimately determined that the School District qualifies as an insured under the Policy for purposes of the Underlying Action, but no coverage exists by virtue of the exclusions asserted by National, the Policy's recoupment provision would equally apply to permit recoupment of defense costs paid to the School District.

claims contained within the proposed Third Amended Complaint are Counts V and VII seeking reimbursement of defense and settlement payments under a theory of unjust enrichment ("the Unjust Enrichment Claims") and Count VII seeking a declaration that to the extent a defense obligation exists, this obligation only extends to defense costs which are deemed reasonable and necessary and National is entitled to reimbursement of defense costs deemed unreasonable or unnecessary (the "Reasonable and Necessary Defense Costs Claim"). The factual allegations have been updated accordingly to conform with recent defense and settlement payments in furtherance of these claims.

### I. Good Cause Exists to Modify the Court's Case Management Order pursuant to Rule 16(b)(4)

National respectfully submits that it has acted with the requisite diligence to establish good cause for amendment under Rule 16(b)(4) because the factual predicate for the Unjust Enrichment claims did not occur until late December 2020 when the settlement of the Underlying Action was finalized and payment was issued by National. In addition, the scope of National's claim for reimbursement of defense costs was not known to National until the Underlying Action resolved and these costs were no longer being incurred. National's payment of defense costs to the School District, giving rise to its claim for reimbursement of same and (in the alternative) the Reasonable and Necessary Defense Costs Claim, occurred on February 10, 2021. *See* Exh. D to Exh. 1.

After the settlement of the Underlying Action, National promptly raised the issue of amendment with counsel for the defendants during a meet and confer on January 14, 2021. When counsel for defendants would not agree to a deadline for National to file a motion for leave to amend, National requested such a deadline from the Court at its earliest opportunity.

National also respectfully submits that the requested amendment will not result in undue delay or prejudice to the defendants. The proposed Third Amended Complaint will not impact any

existing deadlines in this case. And upon resolution of its request to amend, National intends to posture the case for summary judgment. National does not intend to take any additional discovery; rather, it will rely on discovery previously conducted in this case, as well as discovery conducted in the Underlying Action, to which both defendants were active participants. There is no present deadline set for dispositive motions and therefore allowing the amendment will not impact either defendants' response time. Moreover, the primary issue for the Court to address on summary judgment is whether National has a duty to indemnify the defendants in connection with the Underlying Action. This issue is already before the Court as pleaded in the existing Complaint and the proposed Third Amended Complaint does not advance any new legal theories as to why there is no coverage. National's position on coverage has not changed: (i) the alleged sexual molestation did not result from use of a covered auto, (ii) the claim is barred by the Abuse or Molestation exclusion; and (iii) the contractual liability exclusion applies to some or all of the underlying claims; (iv) the claim is barred by the expected or intended exclusion. Although the proposed Third Amended Complaint seeks to add the Unjust Enrichment claims, these claims will rise and fall on the Court's determination of whether coverage exists for the Underlying Action. Because the proposed Third Amended Complaint merely refines a question that is already before this Court, and seeks relief that is contingent on that exiting question, no prejudice will result to Brimar or the School District if the amendment is permitted. With respect to Reasonable and Necessary Defense Costs claim, this is being asserted in the alternative, should it ultimately be determined that a duty to defend exists.

Furthermore, National acted in good faith in connection with this request to amend and assert the Unjust Enrichment Claims as it advised Brimar and the School District of its intent to seek reimbursement of the settlement payment. This notification was made repeatedly during the

course of trying to resolve the Underlying Action, and was reduced to writing before the settlement of the Underlying Action was finalized. *See* Exh. C to Exh. 1. Additionally, National expressly reserved all rights in the underlying settlement agreement itself, which preserved its ability to challenge coverage and seek reimbursement of all funds paid. National raised the issue of amendment with counsel for Brimar and the School District during a meet and confer on January 14, 2021. In addition, National advised the School District in writing of its intent to seek reimbursement of defense costs and to cha on February 10, 2021. *See* Exh. D. to Exh. 1. This letter further reserved National's right to challenge the reasonableness and necessity of the defense costs incurred by the School District for which reimbursement was made. *Id.*

## II.     Leave to Amend Should be Granted Under Rule 15(a)(2)

Rule 15(a)(2) provides that leave to amend should be freely granted when justice so requires. Leave should only be denied when the party opposing the amendment meets its burden to show prejudice, bad faith, undue delay, or futility. *Graham v. Progressive Direct Ins. Co.*, 271 F.R.D. 112, 122 (W.D. Pa. 2010). Because defendants cannot establish any of these circumstances, National's motion should be granted.

As discussed above, defendants will not suffer any prejudice from National's proposed amendment. The question of whether National has a duty to indemnify (which will dictate whether National has a right to reimbursement of defense and settlement costs) has been an issue for the Court's consideration since the filing of this lawsuit in August 2018. National's amended allegations are based upon evidence known to both defendants and do not inject any "new" facts or legal theories that would necessitate additional discovery. Moreover, the proposed amendment will not impact any current case deadlines for summary judgment and/or trial. *See Trask*, 2016 WL 1255302, at *10 (finding no prejudice would result where the plaintiffs sought to amend the

complaint after fact discovery was complete but before summary judgment motions and trial had been scheduled).

Nor can defendants establish undue delay or bad faith. National paid to settle the Underlying Action in late December 2020 and fully advised defendants that National reserved its rights to assert defenses in this action and to seek reimbursement of the settlement payment. *See* Exh. C to Exh. 1. National also memorialized its reservations to dispute coverage in the underlying settlement agreement itself. On January 14, 2021, National advised defendants that it intended to seek leave to file its proposed Third Amended Complaint. And most recently, on February 10, 2021, National issued payment to counsel for the School District for documented paid defense costs incurred in defense of the School District in the Underlying Action. National's payment was accompanied with a writing that fully advised the School District that National reserved all of its rights, including National's right to seek reimbursement in the event it is determined that no coverage exists, and, in the alternative, to challenge the reasonableness and necessity of defense costs paid. *See* Exh. D. to Exh 1.

## II. The Proposed Amended Claims are Not Futile

National respectfully suggests that the Unjust Enrichment Claims are not futile. "Futility" challenges an amendment's legal sufficiency. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). In assessing futility, courts apply the same standard of legal sufficiency as applied under Federal Rule of Civil Procedure 12(b)(6). *Id.* at 1434; *see also Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988) (futility determined by considering whether the amendment would survive a renewed motion to dismiss). Thus, an amendment would be futile only if it fails to state a claim upon which relief could be granted. *Suley v. Plum Borough*, No. 10-CV-1559, 2011 WL 860426, at *2 (W.D. Pa. Mar. 9, 2011).

Here, National's request to assert claims for unjust enrichment, should there be a finding of no coverage, is not futile because Pennsylvania law allows for such claims. Under Pennsylvania law, "when a person receives a benefit from another, and it would be unconscionable for the recipient to retain that benefit, the doctrine of unjust enrichment requires the recipient to make restitution..." *Myers-Macomber Engineers v. M.L.W. Construction Corp.*, 414 A.2d 357, 360 (Pa. Super. 1979). Where unjust enrichment is found, the law implies a contract, which requires the defendant to pay the plaintiff the value of the benefit conferred, because it would be inequitable to allow the defendant to retain it. *Schenck v. K.E. David, Ltd.*, 666 A.2d 327, 328 (Pa. Super. 1995).

Moreover, Pennsylvania federal courts have permitted unjust enrichment claims for reimbursement of indemnity payments where it is determined that the insurer was not obligated to make the payment under the terms of the insurance policy. *See, e.g. Essex Ins. Co. v. RMJC*, No. 07-4528, 306 Fed. Appx. 749, 755-56 (3d Cir. Jan. 7, 2009) (NOT PRECEDENTIAL) (allowing insurer to recover restitution of funds paid to satisfy judgment on behalf of insured based on finding of no coverage and where insured was on notice of insurer's coverage position); *see also Am. Western Home Ins. Co. v. Donnelly Distrib. Inc.*, No. 14-797, 2015 WL 505407, at *4 (E.D. Pa. Feb. 6, 2015) (permitting insurer to recover settlement payment made on behalf of insured under theory of unjust enrichment after finding of coverage reversed on appeal); *Ironshore Specialty Ins. Co. v. Conemaugh Health Sys.*, No. 3:18-cv-153, 2019 WL 1283976, at *5 (W.D. Pa. Mar. 20, 2019) (finding insurer plausibly pleaded unjust enrichment claim seeking recoupment of indemnity payment).

If it is determined that no coverage exists under the National Policy for the Underlying Action, it would be inequitable for Brimar and the School District to retain the benefit conferred upon them by National in the form of defense and settlement payments. National's proposed Third

Amended Complaint pleads the requisite elements of its unjust enrichment claims and, therefore, these claims are not futile.

If, on the other hand, a duty to defend is found to exist, National is entitled to a declaration that its defense obligation only extends to reasonable and necessary defense costs as pleaded in Count VII. The School District provided National with documents concerning its claim for reimbursement of defense costs allegedly incurred in the Underlying Action, but those documents were incomplete and heavily redacted. As a result, National was unable to determine the specific nature of each task performed by the School District's counsel. In accordance with the Court's January 14, 2020 Order, and without waiving any its rights to appeal that Order, on February 10, 2021, National issued payment to counsel for the School District in the amount of $266,800.86 for documented defense costs paid for work incurred in defense of the School District in the Underlying Action. National's payment was made subject to all of its rights to dispute coverage, and National expressly advised the School District that it fully intended to seek reimbursement of all monies paid to or on behalf of the School District, including defense and settlement payments. *See* Exh. D. National's payment was also made subject to its right to challenge the reasonableness and necessity of the reimbursed defense costs in the event it is ultimately determined that National had no duty to defend the School District. *Id.*

Under settled law, National's defense obligation only extends to defense costs which are reasonable and necessary. *See Scottsdale Ins. Co. v. The City of Hazleton*, 07-CV-1704, 2009 WL 1507161, at *12 (M.D. Pa. 2009) *citing Rector v. Am. Nat'l Fire Ins. Co.,* 97 Fed App'x 374, 378 (3d Cir. 2004). In determining whether counsel fees are reasonable, the court should consider several factors: the amount of work performed; the character of the services rendered; the difficulty of the problems involved; the importance of the litigation; the amount of money or value of the

13

property in question; the professional skill and experience called for, and the standing of the attorney in his or her profession; the result he or she was able to obtain; the pecuniary benefit derived. *See Post v. St. Paul Travelers Ins. Co.*, 752 F. Supp. 2d 499, 512 (E.D. Pa. 2010). The inquiry into the reasonableness and necessity of defense costs is a fact-specific inquiry which requires invoices, detailed accountings of the hours billed, and the testimony of lead counsel regarding the complexity of the case, and full payment of the costs by the insured. *See, e.g., Rite Aid Corp. v. Liberty Mut. Fire Ins. Co.,* No. 03-1801, 2006 WL 2376238 (M.D. Pa. Aug. 14, 2006). In the event it is ultimately determined that a duty to defend exists, National is entitled to a declaration that its defense obligation only extends to reasonable and necessary defense costs and that National is entitled to reimbursement for defense costs that are deemed to be unreasonable or unnecessary after an evidentiary hearing.

## CONCLUSION

Based on the foregoing reasons, National respectfully requests this Court enter an Order granting its motion for leave to file the proposed Third Amended Complaint. Good cause exists and justice requires that leave be granted.

By:  */s/Wendy Enerson*
WENDY N. ENERSON
(*admitted pro hac vice*)
123 North Wacker Drive, Suite 1800
Chicago, IL 60606
(312) 382-3162
wenerson@cozen.com

KATHARINE MOONEY
(*admitted pro hac vice*)
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103
(215) 665-2016

kmooney@cozen.com

*Attorneys for Plaintiff National Liability & Fire Insurance Company*

15