## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATIONAL LIABILITY & FIRE INSURANCE COMPANY<br><br>                    Plaintiff<br>v.<br><br>BRIMAR TRANSIT, INC.<br><br>                    Defendant.<br>and<br><br>PITTSBURGH PUBLIC SCHOOL DISTRICT<br><br>                    Intervenor-Defendant | : : : : : : : : : : : : : : : : : | Civil Action No. 2:18-cv-01129-NBF |

## NATIONAL LIABILITY & FIRE INSURANCE COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RECONSIDERATION OR, IN THE ALTERNATIVE, TO CERTIFY FOR INTERLOCUTORY APPEAL

Plaintiff, National Liability & Fire Insurance Company ("National"), by and through its undersigned counsel, respectfully moves this Court to reconsider its order denying National's Motion for Leave to File a Third Amended Complaint ("Motion"), or, in the alternative, grant interlocutory appeal pursuant to Fed. R. Civ. P. 54(b) and 28 U.S.C. § 1292(b), and in support thereof, states as follows:

## INTRODUCTION

National initiated this coverage action to obtain a judicial declaration of its defense and indemnity obligations, if any, in connection with an underlying sexual assault lawsuit filed ("Underlying Action") against its insured Defendant Brimar Transit, Inc. ("Brimar").   After the

lawsuit was filed, Intervenor-Defendant Pittsburgh Public School District ("the School District") intervened in this case, seeking coverage from National under the Brimar policy.

On February 12, 2021, National sought leave to file a Third Amended Complaint to reflect developments that occurred between December 2020 and February 2021 respecting the Underlying Action and to assert claims for reimbursement of defense and settlement costs paid by National. ECF No. 125. National's proposed Third Amended Complaint sought a declaration that National has no duty to defend Brimar for the Underlying Action (Count I); a declaration that National has no duty to indemnify Brimar for the Underlying Action (Count II); contractual recoupment of defense costs paid on behalf of Brimar (Count III); and restitution of defense and settlement payments made on behalf of Brimar under a theory of unjust enrichment (Count IV). The proposed Third Amended Complaint further sought: a declaration that National has no duty to defend and indemnify the School District (Counts V and VI); restitution of defense and settlement payments made on behalf of the School District under a theory of unjust enrichment (Count VII); or, in the alternative, a declaration that National's defense obligation, should it be found to exist, extends only to defense costs which are shown to be reasonable and necessary and that National is entitled to reimbursement of defense costs deemed unreasonable or unnecessary (Count VIII).

In its Motion, National argued that good cause existed for the amendment because National acted diligently in seeking the relief requested and the proposed amended pleading asserted viable claims based on events that occurred after the existing March 11, 2019 deadline to amend had passed.[1] Specifically, in late December 2020, after the deadline to amend the pleadings, National paid funds to settle the Underlying Action on behalf of Brimar and the School District, subject to

---

[1]    After holding a Status Conference on January 28, 2019, this Court entered a deadline of March 11, 2019 to amend the pleadings. A Second Amended Complaint was filed on February 11, 2019 in order to assert claims against the School District, which had intervened in the case after the filing of the First Amended Complaint. ECF No. 46.

an express reservation of all rights which preserved its ability to challenge coverage in this matter, and to seek reimbursement of all funds paid. In addition, on February 10, 2021, National issued payment to counsel for the School District for defense costs incurred in connection with the Underlying Action, also subject to a complete reservation of all of its rights. National's payment of the School District's defense costs was made subject to all of its rights to dispute coverage, and National expressly advised the School District that it fully intended to seek reimbursement of all monies paid to or on behalf of the School District, including defense and settlement payments. Accordingly, National's claims for reimbursement, recoupment, and unjust enrichment did not become ripe until after the March 11, 2019 deadline to amend pleadings when National made defense and indemnity payments. *See Storino v. Borough of Point Pleasant Beach,* 322 F.3d 293, 296 (3d Cir. 2003) (holding that for a case to be ripe the plaintiff must have suffered an injury in fact which is concrete and particularized and actual or imminent, not conjectural or hypothetical); *Pryor v. Nat'l Collegiate Athletic Ass'n,* 288 F.3d 548, 561 (3d Cir. 2001) ("A claim is not ripe if the adjudication rests upon contingent future events that may not occur as anticipated or indeed may not occur at all.").

On September 7, 2021, this Court denied National's Motion based on its finding that National failed to demonstrate good cause to amend under FEDERAL RULE OF CIVIL PROCEDURE 16(b)(4). This Court reasoned that the claims contained within the amended pleading could have been brought within the March 2019 deadline to amend or before the close of discovery in October 2020. However, this holding ignores the undisputed fact that settlement of the Underlying Action, upon which much of the proposed Third Amended Complaint is based, did not occur until December 2020, after those deadlines had passed. Additionally, the Court's opinion erroneously concludes that National was required to challenge the Court's prior denial of National's motion

for judgment on the pleadings[2] in order to amend. National was under no obligation to do so. This Court's opinion also, without support, concludes that National's indemnity claims are futile simply because the Court previously found a duty to defend Brimar and the School District, and a settlement was reached. That holding is inconsistent with Pennsylvania law. *See, e.g.*, *Am. States Ins. Co. v. State Auto Ins Co.*, 721 A.2d 56, 63 (Pa. Super. 1998) (rejecting blanket rule that where there is no trial in the underlying civil action because of a settlement, the insurer's declaratory judgment rights are terminated and there is an automatic duty to indemnify -- even if the facts would clearly provide to the contrary in a trial in the declaratory judgment action); *Regis Ins. Co. v. All Am. Rathskeller, Inc.*, 976 A.2d 1157 (Pa. Super. 2009) (same); *Am. W. Home Ins. Co. v. Donnelly Distribution, Inc.*, 523 F. App'x 871, 875 (3d Cir. 2013) (same). Therefore, National respectfully disagrees with the Court's good cause analysis and believes the Court committed clear errors of law and fact. Accordingly, National seeks reconsideration of the Order to avoid manifest injustice. In the alternative, National asks that the Court grant an interlocutory appeal on these issues.

**STANDARD OF REVIEW**

The denial of a motion to amend is an interlocutory order. District courts have broad discretion to reconsider an interlocutory order at any time before final judgment. The court may grant a motion for reconsideration if the moving party shows: (1) an intervening change in the

---

[2] In April 2019, National filed a motion for judgment on the pleadings seeking a declaration that it had no duty to defend or indemnify Brimar because the Underlying Action did not result from the use of a covered "auto", and the Abuse or Molestation exclusion in the Policy bars coverage. The motion also sought a declaration that the School District was not an insured under the Policy, and that the School District's claim for coverage was similarly barred by certain limitations and exclusions in the Policy. This Court denied National's motion for judgment on the pleadings on January 14, 2020 and held that the Underlying Action triggered a duty to defend Brimar and the School District. The Order did not find that National had a duty to indemnify either the District or Brimar. Indeed, the Court's Opinion specifically noted that further determinations as to National's indemnity obligations for either Defendant, if any, were "premature given the procedural posture of the state tort action and this federal insurance coverage case." *See* ECF No. 91 at p. 2.

controlling law; (2) the availability of new evidence which was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A motion for reconsideration is appropriate in instances where the court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Rohrbach v. AT & T Nassau Metals Corp.,* 902 F. Supp. 523, 527 (M.D. Pa. 1995), *vacated in part on other grounds on reconsideration*, 915 F. Supp. 712 (M.D. Pa. 1996).

Pursuant to 28 U.S.C. § 1292(b), a district court may certify an otherwise non-appealable order for interlocutory appeal if it determines that "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Section 1292(b) thus "imposes three criteria for the district court's exercise of discretion to grant a § 1292(b) certificate," *Katz* v. *Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974), and a party "must establish all three prongs of the . . . test for certification," *In re Cargill Meat Sols. Wage & Hour Litig.*, No. 3:06-cv-00513, 2008 WL 11366373, at *5 (M.D. Pa. July 11, 2008).

## LEGAL ARGUMENT

### A. Reconsideration is Warranted because this Court Committed an Error of Fact as to When the Claims Asserted by National in the Proposed Third Amended Complaint Could Have Been Brought

FED. R. CIV. P. 16(b)(4) permits a case management order to be "modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). "Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and

futility." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). Thus, good cause requires a demonstration of diligence. *Premier Comp Sols., LLC v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020).

In its opinion, this Court identified five reasons why National's motion to amend was untimely and therefore insufficient to establish good cause/diligence under FED. R. CIV. P. 16(b)(4). These included the following:

> 1) Failing to adhere to the **March 11, 2019** deadline to file motions to amend and filing a motion for judgment on the pleadings in **April 2019**;
>
> 2) Failing to seek leave to amend its complaint after its motion for judgment on the pleadings was denied in **January 2020;**
>
> 3) Entering into a stipulation with Defendants on **January 21, 2020** which sought to amend the case management deadlines and extend the period for fact discovery without extending the March 2019 deadline to amend;
>
> 4) Prosecuting its Second Amended Complaint through the completion of fact discovery, which was extended through joint requests by the parties until **October 29, 2020**; and
>
> 5) Sending reservation of rights letters reserving National's rights to bring additional claims for recoupment of defense and settlement costs after the **March 2019** deadline to amend the pleadings and **October 2020** discovery deadline had passed.[3]

---

[3]      Although not expressly related to its holding, the court noted that National did not send an updated reservation of rights letter to Brimar after its initial reservation letter in July 2018, despite the fact that the complaint in the Underlying Action was amended several times, most recently in December 2018. In doing so, the court fails to appreciate that National was in active coverage litigation with Brimar as of the filing of the December 2018 amended complaint in the Underlying Action and attached a copy of that complaint to the Second Amended Declaratory Judgment Complaint filed in February 2019. National's Second Amended Complaint asserted its position on coverage as to both Brimar and the School District with reference to specific allegations in the operative underlying complaint and all relevant policy provisions. *See* ECF No. 46, ¶¶ 18-61. Any suggestion that Brimar and the School District were not aware of National's coverage position as it relates to the December 2018 complaint is without merit. Both parties were served with the Second Amended Complaint and represented by counsel. Moreover, the filing of a declaratory judgment action is the preferred manner for resolving coverage disputes after a reservation of rights letter is issued. *Nationwide Mutual Insurance Co. v. Nixon*, 682 A.2d 1310 (Pa. Super. 1996).

However, all of the above bases upon which this Court deemed National's Motion untimely fail to appreciate the fact that National's claims for reimbursement for its indemnity payment under a full reservation of rights did not materialize until December 2020. Thus, National's claims for indemnity/recoupment of the settlement funds were not ripe prior to that time. Moreover, National's defense cost payments to the School District did not occur until February 10, 2021, after the underlying settlement had been effectuated and the total incurred and paid defense costs by the School District were known and sufficient legal billing was provided.[4] Thus, any conclusion by the Court that National possessed information sufficient to present its claims prior to the settlement in December 2020 is a clear error of fact.  Upon settlement of the Underlying Action, National promptly raised the issue of amendment with counsel for the defendants during a meet and confer on January 14, 2021. When counsel for defendants would not agree to a deadline for National to file a motion for leave to amend, National requested such a deadline from the Court at its earliest opportunity.  Put simply, National could not have filed the proposed Third Amended Complaint earlier than it did; thus, this Court's finding that National's motion was untimely was premised on a clear error of fact.[5]

---

[4]      The School District's invoices were provided in redacted form, only certain invoices were initially received, included work billed for both the Underlying Action and this coverage action in the same invoices, and did not originally include evidence the School District actually paid the invoices.  Once documentation sufficient to demonstrate costs incurred and paid were received, National issued payment for the School District's defense costs on February 10, 2021, under a full and complete reservation of rights.  National sought leave to file an amended complaint on February 12, 2021 after all claims had ripened.

[5]      Insofar as this Court relied upon these same reasons in holding that leave to amend was not appropriate under FED. R. CIV. P. 15(a)(2), that conclusion is also premised on an error of fact.

**B. Reconsideration is Warranted because this Court's Holding that National was Required to Move to Set Aside its January 14, 2020 Order Denying National's Motion for Judgment on the Pleadings Pursuant to FED. R. CIV. P. 59(e) or 60(b) is an Error of Law**

In denying National's Motion under FED. R. CIV. P. 15(a)(2), this Court cited to National's failure to challenge its January 2020 order denying National's motion for judgment on the pleadings. The Court suggested that this failure supported denial of the Motion because a party seeking leave to file an amended complaint after a judgment has been entered, must also move to set aside the judgment pursuant to Federal Rule of Civil Procedure 59(e) or 60(b), because the complaint cannot be amended while the judgment stands. CF No. 128 at p. 10 citing *Wolfington v. Reconstructive Orthopaedic Assocs. II PC*, 935 F.3d 187, 210 (3d Cir. 2019). However, Rules 59(e) and 60 only provide for reconsideration of a final judgment. *Dayoub v. Penn-Del Directory Co.,* 90 F. Supp. 2d 636, 637 (E.D. Pa. 2000). The Court's denial of National's motion for judgment on the pleadings was not a final judgment as it did not decide all of the claims at issue in the case. This Court specifically stated in its opinion that National's claim that it had no duty to indemnify was premature given the posture of the Underlying Action. Because this Court's prior order did not dispose of every claim before the Court, it is "subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of the parties." *Mainguth v. Packard,* No. 4:05-CV-0256, 2006 WL 1410737, at *1 (M.D. Pa. May 23, 2006). The requirement announced in the *Wolfington* case relating to the amendment of complaints where final judgment had been entered does not apply to this Court's January 2020 decision. Thus, the Court's reliance on the *Wolfington* case to deny National's Motion is an error of law.

**C. Reconsideration is Warranted because this Court's Holding that National's Indemnity Claims are Futile is an Error of Law**

In its opinion, this Court found that National's proposed claims with respect to indemnity are futile, in light of the ruling on the duty to defend and the settlement of the Underlying Action.[6] The Court's conclusion that a finding of a duty to defend coupled with a settlement of the Underlying Action resolves the question of indemnity is an error of law. The duty to defend is much broader than the duty to indemnify and the finding that a duty to defend exists does not mean there is a duty to indemnify. These duties are distinct and they are subject to separate standards and inquiries. *Regis Ins. Co. v. All Am. Rathskeller, Inc.*, 976 A.2d 1157 (Pa. Super. 2009). Moreover, the Court's opinion that settlement of the Underlying Action renders a determination of indemnity futile is also an error of law. In drawing this conclusion, the Court relied upon the case of *Pacific Indemnity Co. v. Linn*, 590 F. Supp. 643 (E.D. Pa. 1984), *aff'd* 766 Fed 754 (3d Cir. 1985). However, Pennsylvania state and federal courts have distinguished *Linn* and its application to the facts of this particular case is an error of law.

The indemnification analysis under *Linn* requires: 1) that the nature of the underlying case is one with multiple parties, multiple theories of liability and settlement making liability among competing parties impossible to determine and 2) there must be a concern that an insurer could foreclose indemnification by its conduct relative to the underlying lawsuit. *See Liberty Mutual Ins. Co. v. Penn Nat'l Mut. Cas. Ins. Co.*, 499, F. Supp. 3d 130, 141-42 (W.D. Pa. 2020).

---

[6]     In assessing futility, courts apply the same standard of legal sufficiency as applied under Federal Rule of Civil Procedure 12(b)(6). *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988) (futility determined by considering whether the amendment would survive a renewed motion to dismiss). Thus, an amendment would be futile only if it fails to state a claim upon which relief could be granted. *Suley v. Plum Borough*, No. 10-CV-1559, 2011 WL 860426, at *2 (W.D. Pa. Mar. 9, 2011).

In *Linn*, the court determined that because the underlying claim (which had been settled) involved multiple insurers and multiple theories of liability, liability was impossible to determine and therefore the duty to indemnify followed the duty to defend. Unlike in *Linn*, settlement of the Underlying Action has not made it impossible to determine whether the National policy provided coverage. For example, one of the key coverage issues in this case is whether the alleged abuse arose from the use of a covered auto. This would not have been resolved at a trial of the Underlying Action because it was irrelevant to the plaintiff in proving liability or damages. As a result, the rationale for applying the "duty to indemnify follows the duty to defend" rule enunciated in *Linn* is not present. *See also Am. W. Home Ins. Co. v. Donnelly Distribution, Inc.*, 523 F. App'x 871, 875 (3d Cir. 2013) ("[U]nlike *Linn*, this case involves only one insurer and liability is based on a single theory. There is nothing to indicate that in this case settlement made it impossible to determine whether coverage under the Policy was warranted.")

The Court's determination that a duty to defend existed as of January 14, 2020 and the recent settlement of the Underlying Action in December 2020 did not resolve the issue of indemnity and this remains a viable claim. Similarly, National's claims for unjust enrichment are not futile as they hinge on whether indemnity is, in fact, owed. Pennsylvania federal courts have permitted unjust enrichment claims for reimbursement of indemnity payments where it is determined that the insurer was not obligated to make the payment under the terms of the insurance policy. *See, e.g.*, *Essex Ins. Co. v. RMJC*, No. 07-4528, 306 Fed. Appx. 749, 755-56 (3d Cir. Jan. 7, 2009) (allowing insurer to recover restitution of funds paid to satisfy judgment on behalf of insured based on finding of no coverage and where insured was on notice of insurer's coverage position); *see also Am. Western Home Ins. Co. v. Donnelly Distrib. Inc*., No. 14-797, 2015 WL 505407, at *4 (E.D. Pa. Feb. 6, 2015) (permitting insurer to recover settlement payment made on

behalf of insured under theory of unjust enrichment after finding of coverage reversed on appeal); *Ironshore Specialty Ins. Co. v. Conemaugh Health Sys.*, No. 3:18-cv-153, 2019 WL 1283976, at *5 (W.D. Pa. Mar. 20, 2019) (finding insurer plausibly pleaded unjust enrichment claim seeking recoupment of indemnity payment). [7]

In sum, National respectfully requests this Court to reconsider and vacate its order for all of the above reasons.

### D. Certification for Interlocutory Appeal Is Necessary and Appropriate

In the event the Court's declines to reconsider and vacate its order, National requests that the Court to certify the matter for interlocutory appeal. The circumstances surrounding the Court's denial of the Motion satisfy the three prongs under 28 U.S.C. § 1292(b). Under this section, the Court may certify as appealable an interlocutory order where that order satisfies the following three criteria: (1) the order involves a "controlling question of law;" (2) for which there is "substantial ground for difference of opinion;" and (3) which may "materially advance the ultimate termination of the litigation" if appealed immediately. § 1292(b); *Knipe v. Smithkline Beecham,* 583 F. Supp. 2d 553, 598-99 (E.D. Pa. 2008).

---

[7]    National also respectfully disagrees with the Court's application of *Am. & Foreign Ins. Co. v. Jerry's Sports Ctr., Inc.* 2 A.3d 526 (Pa. 2010) to National's right to recover defense costs. That holding stands for the narrow proposition that a carrier cannot seek recoupment where the operative policy is silent on a right of reimbursement. As the Third Circuit acknowledged, *Jerry Sports Center* does not apply where, as here, the Policy is subject to an endorsement that expressly permits the insurer to recover its defense costs upon a finding of no coverage. *See Camico Mut. Ins. Co. v. Heffler, Radetich & Saitta, L.L.P.,* 587 Fed.Appx.726 (2014) ("[A]n insurer is not entitled to be reimbursed for defense costs absent an express provision in the written insurance contract."[citing Jerry Sports Center]. This is only the case, however, '[w]here the insurance contract is silent about the insurer's right to reimbursement of defense costs.' citation omitted. Thus, reimbursement is possible when a contract expressly provides for it.") Cf. *Jerry's Sport Center*, 2 A.3d at 613 ("*Where the insurance contract is silent about the insurer's right to reimbursement of defense costs,* permitting reimbursement for costs the insurer spent exercising its right and duty to defend potentially covered claims prior to a court's determination of coverage would be inconsistent with Pennsylvania law. (emphasis added).

### i.   Controlling Question of Law

A "controlling question of law" is one in which either: (1) if decided erroneously, would lead to reversal on appeal; or (2) is "serious to the conduct of the litigation either practically or legally." *Knipe*, 583 F. Supp. at 599 (citations omitted). Courts recognize that an order involves a controlling question of law, and therefore warrants interlocutory review, if "an incorrect disposition would constitute reversible error if presented on final appeal" or if the question is "serious to the conduct of the litigation either practically or legally." *In re Chocolate Confectionary Antitrust Litig*., 607 F. Supp. 2d 701, 705 (M.D. Pa. 2009) (citing *Katz,* 496 F.2d at 755); *In re Cargill*, 2008 WL 11366373 at *5 (same).

This Court's decision implicates a controlling question of law because it limits National's ability to challenge indemnity and recoup settlement and defense cost payments made on behalf of Brimar and the School District. In finding that National's proposed indemnity and unjust enrichment claims were futile, the Court erroneously looked outside the context of the proposed amended pleading and presumed, based on facts not in evidence, that it would be impossible for it to determine coverage in the absence of an adjudication of fault. The issue presented here is precisely the kind of threshold legal question that an appellate court can decide "quickly and cleanly without having to study the record" because they require no factual analysis. *See EEOC v. Hora, Inc.*, 2005 WL 1745450, at *3 (E.D. Pa. July 22, 2005); *see also Crystallex Int'l Corp. v. Petróleos De Venezuela, S.A.,* 2016 WL 7440471, at *2 (D. Del. Dec. 27, 2016) (granting certification where the court's "conclusions regarding . . . purely legal issues were dispositive and would require dismissal of the action if reversed on appeal."). The appellate court simply needs to review the proposed Third Amended Complaint and determine if it is legally sufficient on its face.

### ii.    Substantial Difference of Opinion

Under the second element, there is a "substantial ground for difference of opinion" about an issue when the matter involves "one or more difficult and pivotal questions of law not settled by controlling authority." *Knipe*, 583 F. Supp. 2d 553, 599 (E.D. Pa. 2008) (quoting *McGillicuddy v. Clements*, 746 F.2d 76, 76 n.1 (1st Cir. 1986)). In other words, "[s]ubstantial grounds for difference of opinion exist where there is genuine doubt or conflicting precedent as to the correct legal standard." *Id.* at 599-600. Conflicting and contradictory opinions can provide substantial grounds for a difference of opinion. *Id.*

Certification is appropriate in these circumstances due to the controlling question of law presented by this Court's opinion with respect to indemnity. Specifically, this Court's holding that National's indemnity claims are futile because a duty to defend was found and the matter subsequently settled is in direct contrast with Pennsylvania law which expressly holds that no such blanket rule exists. *See, e.g.*, *Am. States Ins. Co. v. State Auto Ins Co.*, 721 A.2d 56, 63 (Pa. Super. 1998) (rejecting blanket rule that where there is no trial in the underlying civil action because of a settlement, the insurer's declaratory judgment rights are terminated and there is an automatic duty to indemnify -- even if the facts would clearly provide to the contrary in a trial in the declaratory judgment action); *Regis Ins. Co. v. All Am. Rathskeller, Inc.*, 976 A.2d 1157 (Pa. Super. 2009) (same). Moreover, the federal precedent upon which the Court relied in its opinion has been distinguished by Pennsylvania federal courts as only applying to cases where it would be impossible to determine coverage in the absence of an adjudication of fault. Unlike in *Linn*, settlement of the Underlying Action has not made it impossible to determine whether the National policy provided coverage. For example, one of the key coverage issues in this case is whether the alleged abuse arose from use of a covered auto. This would not have been resolved

at a trial of the Underlying Action because it was irrelevant to the plaintiff in proving liability or damages.

### iii.     Materially Advance the Ultimate Termination of the Litigation

Finally, certification is appropriate when an immediate appeal would potentially "eliminate the need for a trial, simplify a case by foreclosing complex issues, or enable the parties to complete discovery more quickly or at less expense." *In re Chocolate Confectionary Antitrust Litig.*, 607 F. Supp. 2d at 707; *accord Weitzner v. Sanofi Pasteur, Inc.,* 2014 WL 1786500, at *3 (M.D. Pa. May 5, 2014); *Eisenberger v. Chesapeake Appalachia,* LLC, 2010 WL 1816646, at *4 (M.D. Pa. May 5, 2010). The "critical issue in each case is whether certification would promote the policies underlying interlocutory appeals, including the avoidance of harm to a party pendente lite from a possibly erroneous interlocutory order and the avoidance of possibly wasted trial time and litigation expense." *In re Magic Marker Sec. Litig.,* 472 F. Supp. 436, 438 (E.D. Pa. 1979). Certification is warranted where a prompt appellate resolution of a legal issue "could substantially accelerate and simplify disposition of this litigation by reducing discovery and trial length." *In re Cargill,* 2008 WL 11366373 at *6.

Whether an interlocutory appeal would "materially advance the termination of the litigation" is "closely tied to the requirement that the order involve a controlling question of law." *Hall*, 2010 WL 4925258, at *2 (citing 16 Charles A. Wright et al., *Federal Practice & Procedure* § 3930, 423 (2d ed. 1996)). Factors pertinent to the inquiry include "whether the trial would be simplified by the elimination of complex issues" *Id.* (citation omitted). "Simply put, these considerations are best summed up as all relating to efficient use of judicial resources." *Miron v. BDO Seidman, LLP,* No. 04-968, 2006 WL 3742772, at *3 (E.D. Pa. Dec. 13, 2006); *Russ-Tobias v. Pa. Bd. of Probation & Parole*, No. 04-0270, 2006 WL 516771, at *33 (E.D. Pa.

Mar. 2, 2006) (finding interlocutory appeal would materially advance the litigation where review would save the parties and the court "the needless expenditure of time and money").

Interlocutory appeal is necessary to avoid spending time and money to bring the case to a close (likely through cross-motions for summary judgment) only to have the appellate court ultimately reverse the decision on indemnity. If the ruling remains in place, National is essentially foreclosed from challenging indemnity and seeking reimbursement (both of which it is legally empowered to do). As a result, National will be forced to appeal the entirety of the case after spending time and money to resolve a complaint which does not accurately reflect the claims it has against the defendants and which will undoubtedly place an unnecessary strain on appellate court resources.

## CONCLUSION

Based on the foregoing reasons, National respectfully requests this Court reconsider its September 7, 2021 Order denying National's motion for leave and allow National to file the proposed Third Amended Complaint. In the alternative, National asks that this Court certify the decision for interlocutory appeal.

By:    */s/Wendy Enerson*
       WENDY N. ENERSON
       (*admitted pro hac vice*)
       123 North Wacker Drive, Suite 1800
       Chicago, IL 60606
       (312) 382-3162
       wenerson@cozen.com

       KATHARINE MOONEY
       (*admitted pro hac vice*)
       One Liberty Place
       1650 Market Street, Suite 2800
       Philadelphia, PA 19103
       (215) 665-2016

kmooney@cozen.com

*Attorneys for Plaintiff National Liability & Fire Insurance Company*