IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
(PITTSBURGH)

| | |
|---|---|
| NATIONAL LIABILITY & FIRE INSURANCE COMPANY, | : |
| | : CIVIL ACTION NO. 2:18-cv-1129 |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| BRIMAR TRANSIT, INC., | : |
| | : |
| Defendant, | : |
| | : |
| v. | : |
| | : |
| PITTSBURGH PUBLIC SCHOOL DISTRICT, | : |
| | : |
| Intevenor-Defendant. | : |

**RESPONSE TO NATIONAL LIABILITY & FIRE INSURANCE COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RECONSIDERATION OR, IN THE ALTERNATIVE, TO CERTIFY FOR INTERLOCUTORY APPEAL**

**AND NOW** comes, Defendant, Brimar Transit, Inc. by and through its attorneys, Robert A. Lebovitz, Esquire, Stephen H. Lebovitz, Esquire, and Lebovitz & Lebovitz, P.A., and submits Plaintiff's Response to National Liability & Fire Insurance Company's Memorandum of Law in Support of Motion for Reconsideration or, in the Alternative, to Certify for Interlocutory Appeal, and states as follows:

**INTRODUCTION**

This case is well known to the Court. National's attempt to file an Amended Third Complaint was denied after National lost a Motion for Judgment on the Pleadings (January 14, 2020) and unilaterally settled the underlying State Court Action (December 20, 2020). A considerable time had passed between the filing of the Second Amended Complaint (February 11, 2019) seeking leave to file an Amended Third Complaint (February 12, 2021).

National now seeks a reconsideration of the denial of their request to amend by this Court (September 7, 2021) and/or certification to file an appeal based on said denial.

Defendant Brimar contends that the Court's Opinion was well reasoned, and no reconsideration is necessary. The sought amendments are untimely, unnecessary, futile, and would not overcome the ruling on the judgment on the pleadings, or the finality of a settlement in the underlying state court action.

**ARGUMENT**

The delay in filing and passage of time since the Second Amended Complaint did not give rise to or change the material nature and matter of the suit and did not add any additional relevant facts. The proposed changes in the Amended Third Complaint were reviewed by this Court and listed on pages 4-9 of Document No. 128 and are incorporated by reference.

National argues that they had to amend the Complaint for a third time to reflect that they had settled the underlying action as well as paying for the settlement and for paying the costs. The pleading of their satisfaction of their duty to defend now gives rise to their seeking indemnity for their unilateral payment and settlement of the underlying action as well as the cost of defense in the case below.

It is inconsistent to have not moved to set aside or request reconsideration or even take an appeal on the Court's denial of judgment on the pleadings and now seek the same recourse for the denial of the request to file a Third Amended Complaint.

The settlement of the underlying action coupled with the law of the case, based on the judgment on the pleadings, makes the amended pleadings mute, futile, and the case is currently ripe for ultimate resolution, dismissal.

In *Liberty Mut. Ins. Co. v. Penn Nat'l Mut. Cas. Ins. Co.,* 499 F. Supp. 3d 130*,* 2020 U.S. Dist. LEXIS 207652, 2020 WL 6536615, defendant settled the case for its insured, and sought to foreclose indemnification and relitigate both the liability issues from the underlying action, and any coverage defenses. The Liberty Mutual Court discussed that in *12th Street Gym, Inc. v. General Star Indemnity Co.,* 93 F.3d 1158, 1167 (3d Cir. 1996), the Third Circuit had refined the basis for its ruling in *Pacific Indem, Co. v. Linn*, 766 F.2d 754 (3d Cir. 1985). The Court wrote,

2

"the holding [in Linn] was based, in part, on the concern that an insurer would be able to settle a suit without an agreement with the insured and attempt to avoid its duty to indemnify by claiming a jury would have found the claims in the underlying suit were not covered by the policy." 499 F.Supp 3d at 142.

    The Court in *Liberty Mutual* went on to say that

> "most recently, our Court of Appeals has acknowledged the current vitality of its Linn decision, along with the essential principle that led that court to affirm the district court in Linn: where there are multiple claims involving multiple parties coupled with a global settlement in an underlying lawsuit, and the defendant insurance carrier in the "follow along" indemnity litigation had by its actions opted out of defending the underlying lawsuit even under a reservation of rights, and there are no factual findings in the underlying lawsuit to consider in determining whether that insurance carrier had any indemnification duty, "the duty to indemnify must follow the duty to defend." *SAPA Extrusions, Inc. v. Liberty Mutual Ins. Co.,* 939 F. 3d 243, 250, n. 3 (3d Cir. 2019) (quoting Linn, 590 F. Supp. at 650 (E.D. Pa. 1984)). In this Court's estimation, this is not a "blanket rule" by any measure but is instead quite focused, and means that the Third Circuit's precedential Linn decision remains good, and applicable, Circuit law.
>
> Thus, it appears to the Court that the two prerequisites for indemnification under the "Linn Rule" are: (1) that the nature of the case as being one with multiple parties, multiple theories of liability, and settlement making liability among competing parties impossible to determine and (2) there must be a concern that an insurer could foreclose indemnification by its conduct relative to the underlying lawsuit. When those factors converge, the indemnity obligation follows the duty to defend."

There are also rational reasons for applying this approach here, in case sub judice.

    *Am. Int'l Underwriters Corp. v. Zurn Indus., Inc.,* 771 F. Supp. 690, 702 (W.D. Pa. 1991) is on point, where "the insurers dawdled for so long on this matter." Id. at 701. Under the Defendant's theory there, an insurer could apparently do nothing for years, be involved in the underlying case and settle out for one insured ... and then force an "after the fact" trial on the liability issues in the underlying case that those settlements affirmatively avoided. And no less, they would get to do so in a bench trial rather than before a jury that may well have been unsympathetic in the context of the workplace death of an innocent worker, which was the origin

3

of this entire case. It is that sort of tactical maneuvering by the non-indemnifying carrier that the *Linn* indemnity principles noted above are meant to address.

*Zurn* supports the insured Defendant's positions in the case sub judice where there has been court findings of facts. *Zurn* concludes that the second element of the *Linn* Rule is satisfied in that Penn National settled the case for its insured, Flexicore, but without its additional insured, Cost, and now seeks to foreclose indemnification and relitigate both the liability issues from the Underlying Action, and any coverage defenses, here. In this Court's estimation, such is contrary to the guidance from *Linn* 499 F.Supp. 3d at 141.

*Am. States Ins. Co. v. State Auto Ins. Co.*, 721 A.2d 56, 1998 Pa. Super. Lexis 3687 cautioned

> "the duty to defend in effect carries with it the conditional obligation to indemnify until such time as it becomes clear that there can be no recovery within the insuring clause. 590 F. Supp. at 650-51 (citations and footnotes omitted). The court found that because the underlying cases were settled, there were no factual findings to establish which claims the plaintiffs would have prevailed on at a trial. As a result, the insurers were unable to confine potential claims to those clearly outside the scope of coverage of their respective policies. Thus, the court held that each insurer was liable to indemnify the settlement in the underlying claims. American States proposes that this case establishes a blanket rule that a breach of the duty to defend automatically requires the insurer to indemnify if the underlying action was settled.
>
> The trial court rejected this proposition in its opinion deciding the summary judgment motion, wherein it stated that the critical distinguishing factor between Linn and the present case is that in Linn, the determination of which insurance company was under a contractual duty to indemnify was precluded by the settlement of the underlying actions. The federal court held that, regarding the claims that were settled, the duty to indemnify necessarily had to follow the duty to defend because settlement made it impossible to determine on what theories of liability, if any, the underlying claimants would have prevailed had each claim gone to trial, thereby precluding a determination of which insurer's policy coverage applied." 721 A.2d 63-64.

In *Am. States Ins. Co.* there was an affidavit produced after the complaint that resolved a key coverage issue that was possible to be determined after settlement. The key issue of whether Kimmel was using the auto involved as a temporary substitute auto such that coverage under a policy would be afforded was answered without trial and was not impossible to therefore

ascertain. Motorist was able to present proof by way of affidavit despite settlement. This is not the case here.

National is in error in its reliance and assertion as found on page 10 and 13 of Document No. 131 that the underlying case would not have resolved the issue as to whether the alleged abuse arose from the use of a covered auto.  This example is well settled in this case and could have easily been resolved in the underlying State Court case by special interrogatory or otherwise and the law of this case clearly finds the use of a covered auto in the memorandum dismissing the judgment on the pleadings.  No new facts have been offered to warrant a trial within a trial or to alter any outcome of this case beyond what has already been decided. National's reliance on *Essex Ins. Co. v. RMJC*, No. 07-4528, 306 Fed. Appx. 749, 755-56 (3d Cir. Jan. 7, 2009) is not justified because there the underlying case was litigated to judgment and the insurer exhaustibly defended its insured and here National unilaterally settled the case precluding litigation and/or findings of fact.

Plaintiff seeks to have unnecessary self-serving amendments and then have cross motions for summary judgment where there are now no new actual or material facts and did not even contemplate having a trial in a trial to resolve this matter.

In the September 7, 2021, Memorandum Opinion this court wrote at P17 of Document 128 that

> "National has not alleged that the trial court made any factual findings prior to the settlement and it is uncontested that the settlement of the underlying action took place prior to the trial court making any rulings narrowing the scope of the M.M. complaint. (Id.). Absent any rulings or factual findings from the trial court in the underlying case, the insurer's pre-trial settlement precludes this Court from undertaking a more nuanced coverage decision than has already been produced. See Sapa, 939 F.3d at 250, n.3. Therefore, National's proposed Third Amended Complaint may also be denied due to the futility of the claims.
>
> The Court notes that National admits that its unjust enrichment claims "will rise and fall on the Court's determination of whether coverage exists for the Underlying Act." (Docket No. 125 at 9). The Supreme Court of Pennsylvania has also held that "an insurer may not obtain reimbursement of defense costs for which a court later determines there was no duty to defend, even where the insurer attempted to claim a right to reimbursement in a series of reservation of rights letters." Am. & Foreign Ins. Co. v. Jerry's Sport Ctr., Inc., 2 A.3d 526, 545 (Pa. 2010). Hence, no further discussion of those claims is necessary."

Even if the Amendments to the Complaint were allowed, it would not affect the status of the case, materially aid in trying of same and would only prolong litigation. The Plaintiff is contemplating Cross Motions for Summary Judgment which would be a waste of time and judicial economy at this juncture as none of the amendments sought materially affect the case and the settlement of the underlying case leaves open all of the numerous listed means for coverage as discussed in detail and brief and were argued during the Judgement of the Pleading phase of this case.

Being able to plead the settlement and/or payments made does not change the outcome of the underlying case or assist in determination of this case and does not assist National in finding a barrier to coverage.

Plaintiff failed to seek this Court's reconsideration within the allowable time under this Court's rule. National cites in its Memorandum of Law *Mainguith v. Packard*, No. 4:05-CV-0256, 2006 WL 1410737 at *1 (M.D. Pa. May 23, 2006) and *Wolfington v. Reconstructive Orthopaedic Assocs. II PC*, 935 F.3d 187 (3d Cir. 2019) for the proposition that they were prevented them from seeking reconsideration as the judgment was not final. By this reasoning Plaintiff cannot seek reconsideration now. Plaintiff is now seeking to violate the Court rulings which it cited.

National's logic and reliance on *In re Chocolate Confectionary Antitrust Litig.*, 607 F. Supp. 2d 701, 705 (M.D. Pa. 2009) (citing *Katz,* 496 F.2d at 755); *In re Cargill*, 2008 WL 11366373 at *5 (same) and other cases cited is misplaced.  Interlocutory appeal of the denial of the motion to amend only prolongs litigation and complicates matters. Argumentatively, if this were to occur an appeal followed which was successful, the parties then would litigate the case with unnecessary changes, engage in more motions, potentially a "trial in a trial" to resolve the facts never addressed because the state court action was settled by the Plaintiff only to still be bound by the rulings in the motion for judgment on the pleadings. This case is ripe for dismissal as it stands and then the Plaintiff can take an appeal on an actual final order.

## **CONCLUSION**

Plaintiff cannot force this Court to issue an interlocutory appeal. This current pending

6

matter is not critical to the case at hand, advance controlling issues of law, and result in efficient use of judicial resources.  This Court can now issue final judgment in favor of the Defendants.

Dated:        September 28, 2021            Respectfully submitted,

LEBOVITZ & LEBOVITZ, P.A.

/s/Stephen H. Lebovitz
Stephen H. Lebovitz
shl@lebovitzlaw.com
Robert A. Lebovitz, Esquire
ral@lebovitzlaw.com
Lebovitz & Lebovitz, P.A.
2018 Monongahela Avenue
Pittsburgh, PA 15218-2510
(412) 351-4422
Attorney for Defendant, Brimar Transit, Inc.