## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATIONAL LIABILITY & FIRE INSURANCE COMPANY<br><br>                              Plaintiff<br>v.<br><br>BRIMAR TRANSIT, INC.<br><br>                              Defendant.<br>and<br><br>PITTSBURGH PUBLIC SCHOOL DISTRICT<br><br>                              Intervenor-Defendant | : : : : : : : : : : : : : : : : : | Civil Action No. 2:18-cv-01129-NBF |

**NATIONAL LIABILITY & FIRE INSURANCE COMPANY'S REPLY BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION OR, IN THE ALTERNATIVE, TO CERTIFY FOR INTERLOCUTORY APPEAL**

National Liability & Fire Insurance Company ("National"), by and through its undersigned counsel, submits this reply brief in support of its motion for Reconsideration of the Order denying National's Motion for Leave to File a Third Amended Complaint ("Motion"), or, in the alternative, grant interlocutory appeal pursuant to Fed. R. Civ. P. 54(b) and 28 U.S.C. § 1292(b). This reply is necessary to correct the Pittsburgh Public School District's ("District") material misrepresentations of facts about the timing of National's payment of the District's defense costs, and to refute any notion that this matter is ripe for final judgment.

### I.      National's Claims For Reimbursement Were Timely

The District contends that National's Motion should be denied because National failed to timely and diligently seek production of the District's defense invoices. This is simply not the case. Since February 25, 2019, the District has asserted a counterclaim against National for

defense costs. Fed. R. Civ. P. 26 requires a party to produce information it "may use to support its claims or defenses" without waiting for a discovery request. Despite its Rule 26 obligations, the District did not produce any invoices, documents, or other information supporting its fee claim until April 27, 2020, when it provided a skeletal payment history after National's repeated requests.

The Court's January 20, 2020 Order ("Order") held that National owed a duty to defend the District.[1] By February 14, 2020 letter, National agreed to fund the reasonable and necessary defense costs incurred by the District subject to a complete reservation of all its rights, including the right to seek reimbursement upon entry of a ruling that the policy does not apply. *See* Exh. A. National also requested documents substantiating the District's incurred defense costs. Due to a clerical error, the letter was mis-addressed.[2] Simultaneous with the February 2020 letter, National's counsel informed the District's counsel that correspondence seeking substantiation of the District's costs was forthcoming.

Receiving no response to the February 2020 letter, between April 20 and 23, 2020 counsel for National sent multiple emails and left multiple voicemails for the District's counsel. On April 23, 2020, after National's repeated inquiries, the District's counsel emailed it would "be sending over our fee claim today for reimbursement from the carrier." The District's counsel promised "a bill and payment history" by the next day, but invoices required more time to produce.[3] *See* Exh. B. Having failed to receive the minimal documentation promised, on April 27, 2020, National made another request for documentation from the District reiterating that National could not "agree to reimburse [the] District's undocumented defense costs, which [the District's counsel's] emails have estimated as 'in excess of $200,000.'" *See* Exh. C. On April 27, 2020, the District's counsel

---

[1] National disagrees with the January 20, 2020 Order and reserves all rights of appeal.
[2] National resent the letter to the District with a corrected address on April 28, 2020.
[3] At all times, the District's counsel had direct access to the invoices and proof of payment as it is the same attorney and firm representing the District both here and in the Underlying Action.

informed National for the first time it had not received the February 14, 2020 letter and that the "bills, given there are two and a half years of them, will have to wait until later." The District supplied an incomplete and unsubstantiated bill and payment history on that date. *See* Exhs. D, E.

Receiving nothing further, National's counsel reached out on May 26, 2020 and June 2, 2020 reminding the District of its discovery obligations and requesting the invoices again. *See* Exhs. F and G. The District again did not respond. On June 17, 2020, National issued formal Document Requests seeking, yet again, the District's defense invoices and proof of payment. *See* Exh. H. On July 17, 2020, the District produced heavily redacted and incomplete invoices and a chart listing check numbers and paid dates, with no proof of payment. On October 30, 2020, the District produced more heavily redacted invoices which continued to conflate defense and coverage expenses, and without any documentation evidencing payment.

At the November 6, 2020 global mediation, National reiterated it remained unable to determine whether any invoices were actually paid by the District and requested supporting documentation. On November 20, 2020 the District supplied (through the mediator) copies of cancelled checks. The parties reached agreement on the final settlement terms of only the Underlying Action and National delivered payment on December 22, 2020. On February 10, 2021, following its analysis and review of the produced documents (which included more than two years of heavily redacted invoices conflating defense and coverage expenses and cancelled checks that did not directly match up with the amounts of the invoices), National paid the District $266,800.86 on a full recourse basis, consistent with National's repeated reservations made on February 14, 2020, April 27, 2020, and December 4, 2020.[4] The next day, National filed its Motion. Thus, the District's position that National could have and should have filed its Motion

---

[4] National sent a supplemental payment to the District in the amount of $71,346.00 on July 9, 2021.

3

sooner is wholly without merit. National's claims for indemnity/recoupment of the settlement funds paid in late December 2020, and its February 10, 2021 defense costs payment were not ripe prior to that time. Against this factual backdrop, the Court's Order denying National's Motion cannot stand.

## II.    National's Claims For Indemnity/Recoupment Are Not Futile

The District's alternative argument that National's claims for indemnity /recoupment are futile because its defense and settlement payments are somehow not subject to recoupment is equally without merit. If this Court's ruling stands that the District qualifies as an insured under the Brimar policy, which National disputes, then all of the policy's terms and conditions apply to the District. This includes the Pennsylvania Changes – Defense Costs endorsement, which indisputably grants National the right to seek reimbursement of defense costs paid in defense of uncovered claims. *See* Exh. A at pp. 6-7. And contrary to the District's representation, National advised the District in writing on no less than four separate occasions that its defense costs payments were subject to all of National's rights, including its right to seek reimbursement under the policy and applicable law. *See* Exhs. C, I, J and K. Thus, the District's statements that National's payments do "not qualify for reimbursement under the Policy" are simply wrong.

Likewise, if the Court (or the Third Circuit) determines that the District is not entitled to coverage, National can seek reimbursement of its defense and settlement payments. Pennsylvania federal courts permit unjust enrichment claims by the insurer for reimbursement where it is determined that the policy does not provide coverage. *See, e.g. Essex Ins. Co. v. RMJC*, No. 07-4528, 306 Fed. Appx. 749, 755-56 (3d Cir. Jan. 7, 2009); *Am. Western Home Ins. Co. v. Donnelly Distrib. Inc.*, No. 14-797, 2015 WL 505407, at *4 (E.D. Pa. Feb. 6, 2015) ("*Donnelly*").[5]

---

[5] The District's argument that National is not entitled to recover the indemnity payment it made to settle the Underlying Action because it was "voluntary" is misplaced. Under Pennsylvania law, insurers can recover

### III.     This Case Is Not Ripe For Final Judgment

This Court cannot enter a final judgment against National.  The Court's September 16, 2021 Order denying National's Motion did not resolve National's declaratory judgment claims with respect to the duty to indemnify, nor could it.  First, the law is well-settled that the duty to defend is separate and distinct from the duty to indemnify, and the duty to indemnify can only be adjudicated once the underlying lawsuit is resolved.  *Ramara, Inc. v. Westfield Ins. Co.,* 814 F.3d 660 (3d Cir. 2016).  Indeed, the Court held in its January 14, 2020 Order that any determinations as to the duty to indemnify were "premature" because the underlying lawsuit was still pending *See* Jan. 14, 2020 Order at p. 2. The District also acknowledges in its Opposition to National's Motion for Reconsideration that the Court correctly deferred the issue of indemnity until the underlying matter resolved.  *See* DKT No. 136 at p. 11. The mere fact that the underlying lawsuit was resolved by way of settlement does not alter the fact that the duty to indemnify rests not on the allegations of the underlying lawsuit's complaint, but rather on the facts and evidence developed in the underlying lawsuit for which a settlement was reached, as well as factual findings entered by the court in the underlying lawsuit.  National should have the right to offer that evidence within the course of this Declaratory Judgment action.

Second, entry of final judgment on the duty to indemnify can only be made upon the Court's consideration and ruling on a proper dispositive motion or after a trial.  These procedural safeguards protect a litigant's due process rights.  Because none of the parties have moved for summary judgment on the duty to indemnify and no trial has occurred, entry of final judgment here would violate National's due process rights to present evidence and be heard.  Consequently, the District's request that the Court enter final judgment in it and Brimar's favor must be denied.

---

settlement payments made under a theory of unjust enrichment where it is determined there is no coverage. *See Donnelly*, at *4.

## CONCLUSION

Based on the foregoing reasons and in National's opening Memorandum, National respectfully requests this Court reconsider its September 7, 2021 Order denying National's motion for leave and allow National to file the proposed Third Amended Complaint. In the alternative, National asks that this Court certify the decision for interlocutory appeal.

Respectfully submitted,

COZEN O'CONNOR

By:     */s/Wendy Enerson*
        WENDY N. ENERSON
        (*admitted pro hac vice)*
        123 North Wacker Drive, Suite 1800
        Chicago, IL 60606
        (312) 382-3162
        wenerson@cozen.com

              -and-

        PAUL STEINMAN (ID No. 49730)
        One Oxford Centre
        31 Grant St., 41st Floor
        Pittsburgh, PA 15219
        412-620-6544
        psteinman@cozen.com

        *Attorneys for Plaintiff National Liability & Fire Insurance Company*

Dated: October 6, 2021