# EXHIBIT A



# National Indemnity
### group of insurance companies

National Indemnity Company • National Fire & Marine Insurance Company • National Liability & Fire Insurance Company
Columbia Insurance Company • National Indemnity Company of Mid-America • National Indemnity Company of the South

February 14, 2020

**VIA PROOF OF MAILING**

JAIME DOHERTY, ESQ.
BRIMAR TRANSIT INC
712 REBECCA AVE
PITTSBURGH, PA 15221

Re:   Claim Number:      00548688
      Policy Number:     73APB001185
      Claimant:          K.M.
      Date of Loss:      04-29-2016

Dear Ms. Doherty:

National Liability & Fire Insurance Company ("National Liability") refers to the lawsuit filed against Pittsburgh Public School District, captioned *M.M, parent and natural guardian of K.M., a minor v Pittsburgh Public School District and Brimar Transit, Inc.*, Case No. GD18-003257, filed in the Court of Common Pleas of Allegheny County, Pennsylvania ("Lawsuit"). We write to you as counsel for the Pittsburgh Public School District ("School District").

Subject to the reservations of rights set forth herein and conditioned upon School District's written confirmation that no other insurance is applicable to the Lawsuit, National Liability is agreeable to fund the reasonable and necessary defense costs of Pittsburgh Public School District incurred in defending itself from the Lawsuit ("the defense"), subject to agreement as to reasonable hourly rates, under Business Auto Policy No. 73APB001185 for the period January 11, 2016 to January 11, 2017 ("Policy"). The undersigned will administer this claim for National.

National reserves the right to deny coverage and withdraw the defense should it be determined that the Policy affords no coverage for the Lawsuit. Please note that any further action by National Liability does not constitute and shall not be considered a waiver of National Liability's rights or an admission of any obligations under the Policy, nor shall National Liability be estopped from raising any of its coverage defenses.

The basis for National Liability's coverage position are set forth below. Please note that the defense of the Lawsuit by National Liability does not waive any of its rights under the Policy or applicable law. By defending this Lawsuit (pursuant and subject to this reservation of rights), National Liability does not admit that the Policy applies to the Lawsuit or imposes any related obligations on National Liability such as an obligation to indemnify any entity. National Liability reserves the right to seek reimbursement of any fees, costs, or other sums it expends or incurs defending the Suit, to the extent the Policy does not apply.

**Claim Operations • P. O. Box 31361 • Omaha, Nebraska 68131-0361 • Telephone: (402) 916-3800 • Facsimile: (402) 916-3031
E-mail: reports@nationalindemnity.com**

*Members of the Berkshire Hathaway group of insurance companies*


National Indemnity
group of insurance companies

February 14, 2020                                                                 Page 2

## FACTUAL ALLEGATIONS

Plaintiffs allege in the Lawsuit that on or about April 29, 2016 K.M., a minor, was a passenger on a bus operated by Brimar Transit, Inc. ("Brimar"). Brimar was under contract to transport students on behalf of the Pittsburgh Public School District ("School District"). While K.M. was a passenger on the Brimar bus, Plaintiffs allege another student on the bus sexually assaulted K.M.

Plaintiffs claim that both Brimar and the School District were aware of prior sexual contact towards K.M. by the other student. As a result of that prior inappropriate behavior, Plaintiffs allege that an agreement was reached with the School District and Brimar in which the two students would be kept apart from each other. Plaintiffs specify causes of action for Negligence, Breach of Contract, Third-Party Beneficiary to the contract between the School District and Brimar, State Created Danger, Intentional Infliction of Emotional Distress, Fraud and Misrepresentation, and Common Carrier Liability.

Plaintiffs claim compensatory damages for "treatment, medical tests, therapy, emotional anguish, past and future medical expenses, past and future therapy expenses, post-traumatic stress increased risk for post-traumatic stress and/or emotional issues associated with victims of sexual assault." Plaintiffs also claim compensatory damages for "humiliation, embarrassment … injury … assault and battery …" Plaintiffs also claim they are entitled to an award of punitive damages.

## RESERVATION OF RIGHTS

We refer you to the Policy, form CA 0001 03 10, which states in pertinent part:

### BUSINESS AUTO COVERAGE FORM

\*\*\*

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations. The words "we", "us" and "our" refer to the company providing this insurance.

\*\*\*

### SECTION II – LIABILITY COVERAGE

**A.    Coverage**

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

\*\*\*



**National Indemnity**
group of insurance companies

February 14, 2020                                   Page 3

**B.     Exclusions**

This insurance does not apply to any of the following:

**1.     Expected or Intended Injury**
"Bodily injury" or "property damage" expected or intended from the standpoint of the "insured".

**2.     Contractual**
Liability assumed under any contract or agreement.
But this exclusion does not apply to liability for damages:

a.  Assumed in a contract or agreement that is an "insured contract" provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement; or

b.  That the "insured" would have in the absence of the contract or agreement.

*\*\**

"Insured Contract" is defined to mean:

1.  A lease of premises;

2.  A sidetrack agreement;

3.  Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;

4.  An obligation, as required by ordinance , to indemnify a municipality, except in connection with work for a municipality;

5.  That part of any contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another to pay for "bodily injury" or "property damage" to a third party or organization.  Tort liability means a liability that would be imposed by law in the absence of any contract or agreement;

6.  That part of any contract or agreement entered into, as part of your business, pertaining to the rental or lease, by you or any of your "employees", of any "auto". However, such contract or agreement shall not be considered and "insured contract" to the extent that it obligates you or any of your "employees" to pay for "property damage" to any "auto" rented or leased by you or any of your "employees."

An "insured contract" does not include that part of any contract of agreement:



**National Indemnity**
group of insurance companies

February 14, 2020                                                                 Page 4

    a. That indemnifies a railroad for "bodily injury" or "property damage" arising out of construction or demolition operations, within 50 feet of any railroad property and affecting any railroad bridge or trestle, tracks, roadbeds, tunnel, underpass or crossing;

    b. That pertains to the loan, lease or rental of an "auto" to you or any of your "employees", if the "auto" is loaned, leased or rented with a driver; or

    c. That holds a person or organization engaged in the business of transporting property by "auto" for hire harmless for your use of a covered "auto" for hire harmless for your use of a covered "auto" over a route or territory that person or organization is authorized to serve by public authority.

***

## SECTION V – DEFINITIONS

    **A.** "Accident" includes continuous or repeated exposure to the same conditions resulting in "bodily injury" or "property damage".

***

    **C.** "Bodily injury" means bodily injury, sickness or disease sustained by a person including death resulting from any of these.

***

Coverage under the Policy is limited to claims for "bodily injury" caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto." Insofar as any settlement or judgment against School District does not arise from bodily injury caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto," National Liability reserves the right to deny coverage.

Plaintiffs' Lawsuit contains allegations of intentional conduct. The Policy specifically excludes coverage for expected or intended injury.

Plaintiffs' Lawsuit alleges that School District is liable on account of breach of contract. Such claims are barred by Exclusion B(2), the "Contractual" Exclusion. School District is not alleged to be liable pursuant to any "Insured Contract," as defined in the Policy.

In addition, School District can only qualify for coverage under the Policy (if at all) if it is vicariously liable for the misconduct of the Named Insured, Brimar. Should School District be liable on account of its own conduct, no coverage is afforded under the Policy.

In addition, we refer you to endorsement M-4803 (2/98) which states in pertinent part:



**National Indemnity**
group of insurance companies

February 14, 2020                                                                 Page 5

## ABUSE OR MOLESTATION EXCLUSION

\*\*\*

This insurance does not apply to bodily injury or property damage arising out of:

(a)   the alleged, actual or threatened abuse, molestation or sexual contact, whether or not intentional, by anyone of any person; or

(b)   the negligent:

   (i)    employment;
   (ii)   investigation;
   (iii)  supervision; or
   (iv)   retention;

   of anyone or negligent entrustment to anyone whose conduct would be excluded by (a) above; or

(c)   the reporting to authorities or failure to report to authorities the alleged, actual or threatened abuse, molestation, or sexual contact by anyone of any person.

\*\*\*

The Policy specifically excludes claims for bodily injury arising out of alleged, actual or threatened abuse, molestation or sexual contact by anyone of any person. The Policy specifies it does not apply to allegations of negligent employment, investigation, supervision or retention of anyone for alleged abuse, molestation or sexual contact. Accordingly, insofar as any settlement or judgment is on account of bodily injury arising out of abuse or molestation, or which constitutes "sexual contact" within the meaning of endorsement M-4803, National Liability reserves the right to deny coverage.

In addition, we refer you to endorsement M-3795 (3/87), which states in pertinent part:

## PUNITIVE DAMAGE EXCLUSION
## DUTY TO DEFEND AMENDMENT

\*\*\*

The insuring agreement is amended to provide that this insurance does not apply to any sums awarded as punitive damages.



National Indemnity
group of insurance companies

February 14, 2020                                                                 Page 6

>   The Company has the right and duty to defend any suit asking for damages covered by this policy. However, the Company has no duty to defend suits for bodily injury or property damage not covered by this policy. The Company has the right to defend any suit against the insured which seeks both punitive damages and damages covered in the insuring agreement. However, the Company has no duty to defend any suit seeking only punitive damages or where the remaining allegations of a complaint seek only punitive damages, and the Company shall have the right to settle that part or parts of a suit seeking damages other than punitive.
>
>   In the event of a conflict of interest between the insured and the Company due to allegations of punitive damage or due to other allegations not covered by the insuring agreement, the Company shall not be obligated to retain separate counsel to represent the interests of the insured with respect to defense of non-covered allegations, but the insured shall have the right to retain separate counsel at the insured's expense to serve as co-counsel. The Company shall not be required to relinquish control of the defense to such co-counsel so long as covered allegations remain in the suit.

The Policy does not apply to punitive damages. National Liability will not indemnify you for any damages awarded as punitive damages or any settlement on account of punitive damages.

For all of the foregoing reasons, National Liability reserves the right to exercise any legal right to withdraw the defense, and to deny coverage with respect to any settlement or judgment in connection with the Lawsuit.

In addition, we refer you to endorsement IL 01 02 05 11, which states in pertinent part:

### PENNSYLVANIA CHANGES – DEFENSE COSTS

\*\*\*

**A.**  The provisions of Paragraph **B.** are added to all Insuring Agreements that set forth a duty to defend under:

\*\*\*

  **2.**  Section II – Liability Coverage in Paragraph **A. Coverage** under the Business Auto, Garage and Motor Carrier Coverage Forms;

\*\*\*

Paragraph **B.** also applies to any other provision in the policy that sets forth a duty to defend.

**B.**  If we initially defend an insured ("insured") or pay for an insured's ("insured's") defense but later determine that none of the claims ("claims"), for which we provided a defense or defense costs, are covered under this insurance, we have the right to reimbursement for the defense costs we have incurred.

  The right to reimbursement under this provision will only apply to the costs we have incurred after we notify you in writing that there may not be coverage and that we are reserving our



**National Indemnity**
group of insurance companies

February 14, 2020                                               Page 7

rights to terminate the defense or the payment of defense costs and seek reimbursement for defense costs.

                                                                   \*\*\*

The Policy states that insofar as National Liability provides a defense for an insured and it is later determined the Policy does not apply, National Liability has the right to reimbursement of defense costs incurred in providing the defense. National Liability expressly reserves the right to seek recoupment of any defense costs it incurs in connection with providing a defense of School District should the policy be determined not to apply to the Lawsuit.

National Liability reserves the right to withdraw from the defense of the Lawsuit at any time should it be determined that the Policy does not apply to the Lawsuit. If it is determined that the Policy does not apply to the Lawsuit or causes of action or claims alleged in the Lawsuit or that the Lawsuit or any causes of action alleged in the Lawsuit do not raise the potential for application of the Policy, National Liability further reserves the right to seek reimbursement of any defense fees, defense costs, or any other sums expended or incurred by National Liability concerning defense of the Lawsuit or causes of action alleged in the Lawsuit to which the Policy does not apply.

The Policy provides a limit of liability of $1,000,000 combined single limit, regardless of the number of Insureds and Additional Insureds that may claim under the Policy. Insofar as the Policy otherwise applies to a claim, National Liability will not indemnify for any judgment, recovery, or settlement in excess of the Policy's liability limits. Please note that School District is responsible to pay damages, settlement amounts, or other sums which are not covered by the Policy, including sums which amounts available under policy limit, which may be reduced on account of payments to other Insureds.

National Liability's comments in this letter regarding specific provisions of the Policy do not constitute a modification or waiver of any Policy provision and do not waive National Liability's right to rely on any term, condition, exclusion, or other provision of the Policy or applicable law not specifically addressed or referred to in this letter to deny or limit application of the Policy. By this letter, National Liability reserves all of its rights under the Policy and applicable law, including but not limited to its rights to supplement or modify this letter.

The determination regarding application of the Policy to the Lawsuit and claims asserted against School District is based on information National Liability has received to date. If the claims or related allegations are expanded or modified in any manner or if you receive any documents related to the Lawsuit, such as pleadings, amended pleadings, please immediately forward the new information to me so that National Liability may review the revised allegations to determine whether the insurance provided by the Policy would apply to them.

## DENIAL WITH RESPECT TO ANY OTHER POLICY

National Liability denies coverage to School District under all other policies, existing or alleged. This includes an alleged "CGL" Policy, which School District claims was issued, but which was not issued by National Liability.



**National Indemnity**
group of insurance companies

February 14, 2020                                                                                                           Page 8

---

Please contact us immediately if you disagree with this letter or if you know of any different or additional facts or documents regarding this claim or the Policy that you believe may be important to determining the Policy's application to the Lawsuit. National Liability will utilize the information you provide in order to fully perform its obligations under the Policy and applicable law.

Sincerely,

National Liability & Fire Insurance Company

*Michelle Gomez*

Michelle Gomez
Claim Operations

Copies via email only to:

Britta O. Konopka, CPCU
General Star
Britta.Konopka@generalstar.com