# EXHIBIT D

# Harn, Adam Stanley

| | |
|---|---|
| **From:** | Doherty, Jaime N. <jdoherty@grblaw.com> |
| **Sent:** | Monday, April 27, 2020 10:33 AM |
| **To:** | Murphy, Marlene U.; Mason, Richard |
| **Cc:** | Fergus, Matthew C. |
| **Subject:** | RE: National Liability & Fire Ins. Co. v. Brimar Transit, Inc., et al. [GRB-IMANMAIN.FID981492] |

**\*\*EXTERNAL SENDER\*\***

Mr. Mason:

I don't work for Brimar.  You should address your correspondence to me properly.  If you need assistance in that endeavor, my contact info is below and attached to this email.  The letter is not accurate and is self-serving on the part of a carrier who has ignored a fee Order since it was issued.  The Order is clear on its face.  I do not have the 2/14 correspondence to which you refer, or the voicemail.  Please supply the letter.  Was that one also sent to Brimar, as this one is addressed?  PPS is entitled to a defense, and reimbursement of costs based upon the Order.  YOU were the one who, following a call in, I believe, early February said that you would be in touch with instructions on how to submit bills for reimbursement and to assign a claims evaluator.  That information never came.  You and the carrier are the reason that this case has been as expensive as it was to defend, with nine depositions requested by your own appointed defense lawyer and a motion for judgment on the pleadings in a declaratory judgment action that the federal court at least twice forecasted would not be successful for your client.  I will get the bills for you, as I told you on the phone on Friday, based upon your FIRST REQUEST of Friday.  As for when I called you back, it sounds like 2 and a half days would not have made much of a difference in National's decision, as the process has been the same for National all along, drag the feet, ignore a tender, then blame everyone else.  I NEVER told you or your defense counsel, to whom you told me on Friday you had never spoken, that PPS would contribute money to a settlement today.  It was always a consideration of credit against the fee claim.  Your defense counsel, if you or someone else at National had called him, could have told you that a week or more ago.  Your letter is correct in one small way though: PPS will not be putting any money in today to resolve this matter, but remains open to a discussion of a credit on its fee claim, a position that I made crystal clear to you in our conversations and in prior correspondence that was not addressed by you in any meaningful way.  The fee claim has been submitted.  The bill and payment history is on its way.  The bills, given that there are two and a half years of them, will have to wait until later in time.

Following this conciliation, if the matter does not resolve, I will be making a request for a claims handler contact and for instructions on submitting invoices, going forward.  It is not proper, and quite frankly, comes close to an ethical line, for me to continue to talk with you about these matters, as you are the coverage counsel.  We can raise this issue with Judge Fischer, if you prefer.

As for what the District wants with respect to this conciliation, I don't care, and neither do they, one way or the other whether you are on the call it.  I never asked you not to be on it.  You told me you wouldn't be.  Your defense counsel and liability reps at National have the call in information.  I am sure that you can get it from them, or I will happily provide it.  The Judge might have some questions for the carrier here.


Jaime N. Doherty, Esquire
GRB Law P.C.
437 Grant Street
Frick Building, 14th Floor
Pittsburgh, PA 15219

1

Ph: (412) 281-0587 x 131
Fax: (412) 281-2971

This transmission is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone (412) 281-0587. Thank you.

**From:** Murphy, Marlene U. [mailto:mmurphy@cozen.com]
**Sent:** Monday, April 27, 2020 10:02 AM
**To:** Doherty, Jaime N. <jdoherty@grblaw.com>
**Cc:** Mason, Richard <RMason@cozen.com>
**Subject:** National Liability & Fire Ins. Co. v. Brimar Transit, Inc., et al.

[EXTERNAL EMAIL]

Attached please find correspondence from Richard C. Mason, Esquire with regard to the above matter. Thank you.

**Marlene Murphy**
**Cozen O'Connor**
One Liberty Place, 1650 Market Street, Suite 2800 | Philadelphia, PA 19103
P: 215-665-2710
Email | Map | cozen.com

**Notice:** This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail, including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.