# EXHIBIT G



June 2, 2020

**Richard C. Mason**
Direct Phone   215-665-2717
Direct Fax       215-701-2317
rmason@cozen.com

**VIA EMAIL (JDOHERTY@GRBLAW.COM)**

Jamie Doherty, Esquire
GRB Law P.C.
437 Grant Street
Frick Building, 14th Floor
Pittsburgh, PA  15219

Re:   National Liability & Fire Ins. Co. v. Brimar Transit, Inc., et al.,
      2:18-cv-1129

Dear Ms. Doherty:

I am writing with respect to the above-captioned matter and, in particular, School District's claim for defense costs pertaining to its defense of the underlying sexual abuse litigation.  We previously have requested of you that School District furnish invoices reflecting the amount of that claim.

As you know, the Federal Rules of Civil Procedure provide that, a party must, without awaiting a discovery request, provide to the other parties all documents that the disclosing party has in its possession, custody, or control and "may use to support its claims or defenses, unless the use would be solely for impeachment."  A party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in this action and states the objection in the proposed discovery plan."  Accordingly, given that School District is making a claim for defense costs, it was and is obligated to produce all evidence reflecting those costs.

Please provide copies of all supporting invoices within the next fourteen days, to avoid the necessity of motions practice.  Should you wish to discuss this issue, please contact me.

Sincerely,

COZEN O'CONNOR

BY:   RICHARD C. MASON

RCM:mm

LEGAL\46710933\1