# EXHIBIT H

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATIONAL LIABILITY & FIRE INSURANCE COMPANY<br><br>Plaintiff<br><br>v.<br><br>BRIMAR TRANSIT, INC.<br><br>Defendant,<br><br>and<br><br>PITTSBURGH PUBLIC SCHOOL DISTRICT<br><br>Intervenor-Defendant | : : : : : : : : : : : : : : : : : : : : | Civil Action No. 2:18-cv-01129-NBF |

**REQUESTS FOR PRODUCTION OF DOCUMENTS
DIRECTED TO PITTSBURGH PUBLIC SCHOOL DISTRICT**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiff National Liability & Fire Insurance Company ("National Liability") requests that Intervenor-Defendant Pittsburgh Public School District ("District") respond in writing, and under oath, to each of the following Requests for Production of Documents, within 30 days of service.

**INSTRUCTIONS**

1.      Each request for production of a document or documents shall be deemed to call for the production of the original document or documents, to the extent that they are in or subject to, directly or indirectly, your control.  In addition, each request encompasses production of any and all copies and, to the extent applicable, preliminary drafts of documents which, as to content, differ in any respect from the original or final draft or from each other (e.g., by reason of

handwritten notes or comments having been added to one copy of a document but not on the original or other copies thereto).

2.  Each request that seeks information relating in any way to communications to, from, or within a business and/or corporate entity is hereby designated to mean, and should be construed to include, all communications by and between representatives, employees, agents and/or servants of the business and/or corporate entity.

3.  Any request propounded in the disjunctive shall also be read as if it is propounded in the conjunctive, and vice versa.  Any request propounded in the singular shall also be read as if propounded in the plural, and vice versa.  Any requests propounded in the present tense shall also be read as if propounded in the past tense, and vice versa.

4.  Pursuant to Rule 34(b)(2)(B), if you object to a request, the grounds for each objection must be stated with specificity.

5.  These requests for production are continuing.  Should you acquire any additional information responsive to these requests, the responses shall be supplemented to provide the additional information in accordance with the applicable Federal and Local Court Rules.

## **DEFINITIONS**

Notwithstanding any definition set forth below, each word, term, or phrase used in this Request is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.  As used in these Requests, the following terms are to be interpreted in accordance with these definitions:

1.  "You" or "Your" means Pittsburgh Public School District and/or any persons acting on its behalf, including but not limited to, its agents, employees and insurers.

2. "Underlying Action" means *M.M., parent and natural guardian of K.M., a minor v. Pittsburgh Public School District and Brimar Transit, Inc.*, Case No.: GD18-003257 pending in the Allegheny County Court of Common Pleas.

3. "Communication" means any transmission or exchange of words, thoughts or information between or among two or more persons and includes, but is not limited to, spoken words, conversations, conferences, discussions, talks, letters, correspondence, notes, facsimiles memorandum, emails, text messages, and reports, whether transmitted in person or by any electronic device such as a computer, computer disc, e-mail, modem transmission, cellular or digital communications, or telephone, and documents as defined below.

4. The term "document" means any document, electronically stored information or tangible thing as defined in Federal Rule of Civil Procedure 34 including, but not limited to, the original and non-identical copies, regardless of origin or location (including electronically stored information as part of a disaster recovery program) of any correspondence, records, reports, memoranda, notes, diaries, logs, letters, messages, minutes, communications, questionnaires, contracts, invoices, statements, bills, checks, wire transfers and all other written matter of any kind or any and all data or compilation from which information can be obtained.

5. The term "all documents" means any and every document, as defined in paragraph 3 above, which can be located, discovered, or obtained by reasonably diligent efforts, including without limitation all documents possessed by:  (a) you or your counsel; or (b) any other person or entity from whom you can obtain such documents by request or which you have a legal right to bring within your possession by demand.

6. The term "relating to" (including any variant thereof) includes referring to, alluding to, responding to, concerning, connections with, commenting on, analyzing, touching upon, and is not limited to contemporaneous events, actions, communications, or documents.

## REQUEST FOR PRODUCTION OF DOCUMENTS

1. Provide all documents and/or communications relating to legal costs, charges, fees and/or expenses that have been incurred by the District in connection with the Underlying Action ("Defense Costs") at any time from the initiation of the Underlying Action to the present, including but not limited to, correspondence, invoices, bills or statements.

2. Provide all documents and/or communications relating to payment by the District (or any individual or entity acting on its behalf) of Defense Costs at any time from the initiation of the Underlying Action to the present, including but not limited to, cancelled checks, cashed checks, debit/credit card statements and/or wire transfers.

/s/ Richard C. Mason
**RICHARD C. MASON** (*admitted pro hac vice*)
Cozen O'Connor
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA  19103
(215) 665-2717
Fax: (215) 701-2317
rmason@cozen.com
*Attorney for Plaintiff National Liability & Fire Insurance Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Requests for Production of Documents directed to the School District of Pittsburgh was served on all counsel of record via email on June 17, 2020.

/s/ Richard C. Mason
**RICHARD C. MASON**
(*admitted pro hac vice*)
Cozen O'Connor
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA  19103
(215) 665-2717
Fax: (215) 701-2317
rmason@cozen.com
A*ttorney for Plaintiff National Liability & Fire Insurance Company*