# EXHIBIT J



February 10, 2021

**Katharine E. Mooney**
Direct Phone   215-665-2016
Direct Fax       215-701-2039
kmooney@cozen.com

**VIA FEDERAL EXPRESS**

Jaime N. Doherty, Esquire
Matthew C. Fergus, Esquire
Goehring Rutter & Boehm
Frick Building
437 Grant Street, 14th Floor
Pittsburgh, PA  15219

Re:   National Liability & Fire Insurance Company v. Brimar Transit, Inc.
        Civil Action No.: 2:18-cv-01129-NBF

Dear Ms. Doherty and Mr. Fergus:

On January 14, 2020, the Court in the above-referenced matter issued a Memorandum Opinion holding that National Liability & Fire Insurance Company ("National") has a duty to defend the Pittsburgh Public School District ("School District") in *M.M., parent and natural guardian of K.M., a Minor v. School District of Pittsburgh, Pa. and Brimar Transit, Inc.*, No. GD18-003257 (the "Allegheny County Action").  As you are aware, National respectfully disagrees with the Court's Memorandum Opinion.  Notwithstanding that disagreement and subject to all of National's rights and appellate remedies to contest the Court's ruling, enclosed herein is a check issued to the School District in the amount of $266,800.86.

This payment represents defense costs incurred by the School District in defense of the Allegheny County Action for which an invoice and documentation evidencing payment by the School District have been provided. Specifically, on June 2, 2020, my colleague Richard Mason, on behalf of National, requested the School District produce invoices and documents relating to defense costs incurred in the Allegheny County Action because, prior to that time, the School District had not provided any such documentation.  In addition, on June 17, 2020, National issued Requests for Production of Documents to the School District, seeking the production of all documents relating to defense costs incurred and paid by the School District in the Allegheny County Action. On July 17, 2020, the School District produced heavily redacted invoices for defense costs purportedly incurred by the School District from November 27, 2017 through April 28, 2020.  On October 30, 2020, the School District made a supplemental production consisting of heavily redacted invoices for defense costs purportedly incurred by the School District for the period June 30, 2020 through August 31, 2020.  The School District, through the mediator Mark Shepard, also provided National a chart titled "PPS Chart of GRB Law Invoices Received/Paid from 11/27/17 through 9/30/20" during the mediation of the Allegheny County Action on November 20, 2020 (the "Chart").

Jaime N. Doherty, Esquire
February 10, 2021
Page 2

_____

National has analyzed all of the defense cost documentation the School District has produced to date. National's payment of $266,800.86 reflects the School District's defense costs related to the Allegheny County Action for which National has been provided evidentiary support of payment. While the Chart indicates that the School District has paid $321,611.86 in defense costs, National has not received any documentation evidencing payment of invoices numbered 1385778, 1386939, 1390426, 1391036, and 1392546. Should the School District request that National issue payment for these invoices, please produce supporting documentation evidencing payment at your earliest convenience. Furthermore, certain of the costs documented in the invoices relate to legal work incurred in connection with the Federal court action, for which National has no obligation to reimburse. Accordingly, these amounts were deducted.

As National informed you previously, including at the time it contributed monies to resolve the Allegheny County Action, the National policy does not apply and any amounts National expends, including the payment enclosed herein, are on a full recourse basis. *See, e.g.* December 4, 2020 Letter from Richard Mason, Esq attached hereto. Therefore, this payment is being made solely to comply with the Court's Memorandum Opinion and in no way waives any of National's claims or coverage defenses asserted in the pending Federal court action, or any future claims or defenses to be asserted by National in that action. In making this payment, National continues to reserve all rights with respect to coverage for the Allegheny County Action, including, without limitation, its legal and equitable rights to seek reimbursement of this payment, and the payment issued by National on behalf of the School District and Brimar Transit, Inc. to settle the Allegheny County Action. National also continues to reserve all of its rights to contest the Court's Memorandum Opinion and any future orders issued by the Court, including all appellate remedies. Further, National reserves its right to contest the reasonableness and necessity of the School District's claimed defense costs. Of particular note, in light of the School District's heavily redacted invoices, National is unable to discern whether any particular task and related fee was reasonable or necessary. Now that the Allegheny County Action has resolved, please provide unredacted copies of all defense invoices.

Neither this letter nor any future communication, investigation, or action by National is intended, or should be deemed or construed, as an admission that the National Policy issued to Brimar Transit, Inc. applies to the Allegheny County Action. This letter should not be viewed as a waiver of any right or defense available to National, now or in the future, or an expansion of any duties National may have or may in the future acknowledge.

If you have any questions or would like to discuss further, please contact me.

Jaime N. Doherty, Esquire
February 10, 2021
Page 3

_____

Sincerely,

COZEN O'CONNOR

*[signature: Katharine Mooney]*

By:     Katharine E. Mooney

KEM:mm
Enclosures