# EXHIBIT K



July 9, 2021

**Katharine E. Mooney**
Direct Phone   215-665-2016
Direct Fax       215-701-2039
kmooney@cozen.com

**VIA FEDERAL EXPRESS**

Jaime N. Doherty, Esquire
Matthew C. Fergus, Esquire
Goehring Rutter & Boehm
Frick Building
437 Grant Street, 14th Floor
Pittsburgh, PA  15219

Re:   National Liability & Fire Insurance Company v. Brimar Transit, Inc.
        Civil Action No.: 2:18-cv-01129-NBF

Dear Ms. Doherty and Mr. Fergus:

We are in receipt of your February 26, 2021 correspondence providing supplemental defense cost documentation related to *M.M., parent and natural guardian of K.M., a Minor v. School District of Pittsburgh, Pa. and Brimar Transit, Inc.*, No. GD18-003257 (the "Allegheny County Action"). As you are aware, National Liability & Fire Insurance Company ("National") respectfully disagrees with the Court's January 14, 2020 Memorandum Opinion which found that National had a duty to defend the Pittsburgh Public School District ("School District") in the Allegheny County Action. Notwithstanding that disagreement and subject to all of National's rights and appellate remedies to contest the Court's ruling, enclosed herein is a check issued to the School District in the amount of $ 71,346.

National has analyzed the supplemental defense cost documentation produced by the School District on February 26, 2021 and its payment of $ 71,346 represents defense costs incurred by the School District for which an invoice and documentation evidencing payment by the School District have been provided.

To date, the School District has not provided proof of payment for Invoice No. 1396930 (11/30/2020) in the amount of $11,900.00. Therefore, this amount has not been included in the supplemental defense cost payment. Additionally, upon further review of the invoices and supporting documentation provided by the School District, an overpayment by National in the amount of $4,661.50 has been identified. This figure represents coverage-related charges for which National is under no obligation to pay.  As such, this overpayment has been deducted from National's supplemental defense cost payment. National has also identified an additional $28.00 coverage-related charge reflected on Invoice No. 1393314 for which proof of payment was provided by the School District on February 26, 2021. This amount has also been deducted from National's supplemental defense cost payment.

Jaime N. Doherty, Esquire
July 9, 2021
Page 2
_____

As National informed you previously, including at the time it contributed monies to resolve the Allegheny County Action, the National policy does not apply and any amounts National expends, including the payment enclosed herein, are on a full recourse basis. *See, e.g.* December 4, 2020 Letter from Richard Mason, Esq attached hereto. Therefore, this payment is being made solely to comply with the Court's Memorandum Opinion and in no way waives any of National's claims or coverage defenses asserted in the pending Federal court action, or any future claims or defenses to be asserted by National in that action. In making this payment, National continues to reserve all rights with respect to coverage for the Allegheny County Action, including, without limitation, its legal and equitable rights to seek reimbursement of this payment, and the payment issued by National on behalf of the School District and Brimar Transit, Inc. to settle the Allegheny County Action. National also continues to reserve all of its rights to contest the Court's Memorandum Opinion and any future orders issued by the Court, including all appellate remedies. Further, National reserves its right to contest the reasonableness and necessity of the School District's claimed defense costs. As previously advised in our correspondence of February 10, 2021, in light of the School District's heavily redacted invoices, National is unable to discern whether any particular task and related fee was reasonable or necessary. Now that the Allegheny County Action has resolved, please provide unredacted copies of all defense invoices.

Neither this letter nor any future communication, investigation, or action by National is intended, or should be deemed or construed, as an admission that the National Policy issued to Brimar Transit, Inc. applies to the Allegheny County Action. This letter should not be viewed as a waiver of any right or defense available to National, now or in the future, or an expansion of any duties National may have or may in the future acknowledge.

If you have any questions or would like to discuss further, please contact me.

Sincerely,

COZEN O'CONNOR

*Katharine Mooney*

By:    Katharine E. Mooney

KEM:mm
Enclosures