IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
(PITTSBURGH)

| | | |
|---|---|---|
| **NATIONAL LIABILITY &** | : | |
| **FIRE INSURANCE COMPANY,** | : | **CIVIL ACTION NO. 2:18-cv-1129** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **BRIMAR TRANSIT, INC.,** | : | |
| | : | |
| **Defendant,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **PITTSBURGH PUBLIC SCHOOL** | : | |
| **DISTRICT,** | : | |
| | : | |
| **Intevenor-Defendant.** | : | |

**SURREPLY TO NATIONAL LIABILITY & FIRE INSURANCE COMPANY'S REPLY BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION OR, IN THE ALTERNATIVE, TO CERTIFY FOR INTERLOCUTORY APPEAL**

**AND NOW** comes, Defendant, Brimar Transit, Inc. by and through its attorneys, Robert A. Lebovitz, Esquire, Stephen H. Lebovitz, Esquire, and Lebovitz & Lebovitz, P.A., and submits Plaintiff's Surreply to National Liability & Fire Insurance Company's Reply Brief in Support of Motion For Reconsideration or, in the Alternative, to Certify for Interlocutory Appeal, and states as follows:

**INTRODUCTION**

National has filled a reply brief in three parts. The first part deals with Invoice issues between itself and the Intervenor Defendant, the Pittsburgh Public School District. These payments were ordered by this Court as a result of the denial of Plaintiff's Motion for Judgment on the Pleadings (January 14, 2020). The additional exhibits of the Plaintiff are all after the fact and or self-generated since that ruling. The second part concerns their reservation of rights

against the Pittsburgh Public School District which was also after the fact of the January 14 2020 order and is also self-generated. This recent series of filings all relate to National's attempt to file a Third Amended Complaint seeking to add additional facts such as the fact that they unilaterally settled the underlying multiple party, multiple theories of liability, State Court Action.

Defendant Brimar contends that the Court's Opinion was well reasoned, and no reconsideration is necessary. The sought amendments are untimely, unnecessary, futile, and would not overcome the ruling on the judgment on the pleadings, or the finality of a settlement in the underlying State Court Action and that this current matter should be dismissed.

## ARGUMENT

In, *Keel-Johnson v. Amsbaugh*, 2009 U.S. Dist. LEXIS 57342, 2009 WL 2016627, the court notes that"dissatisfaction with the Court's ruling is not a proper basis for reconsideration; a party may not use the motion to reargue matters already argued or relitigate a point of disagreement between the Court and the party. *Lester v. Percudani*, No. 04-CV-0832, 2008 U.S. Dist. LEXIS 91202, 2008 WL 4722749, *3.(M.D. Pa. 2008) (quoting *Abu Jamal v. Horn*, No. Civ. A. 99-5089, 2001 U.S. Dist. LEXIS 20813, 2001 WL 1609761, *9 (E.D. Pa. 2001))" at *2-3

In *Knightbrook Ins. Co. v. DNA Ambulance, Inc.*, 2013 U.S. Dist. LEXIS 176592, 2013 WL 6662745 the court wrote that

> '[r]econsideration is not permitted to allow "a second bite at the apple," see *Bhatnagar v. Surrendra Overseas Ltd*., 52 F.3d 1220, 1231 (3d Cir. 1991), nor to reargue matters the trial court already resolved or relitigate points of disagreement between the Court and the moving party, *In re Avandia Marketing Sales Practices and Products Liability Litigation*, 2011 U.S. Dist. LEXIS 119456, 2011 WL 4945713 at *1 (E.D.Pa. Oct. 14, 2011) (Rufe, J.) (internal quotation omitted). Because federal courts have a strong interest in finality, motions for reconsideration should be granted sparingly, *United States v. Bullock*, 2005 U.S. Dist. LEXIS 1833, 2005 WL 352854 at *1 (E.D.Pa. Jan. 24, 2005) (Kelly, J.). As then-Chief Judge Bartle put it, "A litigant that fails in its first attempt to persuade a court to adopt its position may not use a motion for reconsideration either to attempt a new approach or correct mistakes it made in its previous one." *Kennedy Indus., Inc. v. Aparo*, 2006 U.S. Dist. LEXIS 46075, 2006 WL 1892685 at *1 (E.D.Pa. July 6, 2006)'.*3-4

The Knightbrook case involved a declaratory judgment action concerning an exclusionary clause concerning Care, Control or Custody Exclusion and the Endangerment or

Harm Exclusion in the commercial auto policy where an employee using engine starting fluid to start an ambulance wound up causing a fire and damage to the premises. A motion for reconsideration and request for certification was made based on the courts order concerning who had a duty to defend. Knightbrook is directly on point with our current case. There, Defendants new evidence was not new, they should have thought of that before and such offered evidence would not change the result. The Court there was required to look to the complaint to see if coverage would afford a duty to defend and finally the Court discussed the sua sponte dismissal of the case.

That Court explained that

> 'Rule 59(e) requires that evidence presented in a motion to reconsider must be newly discovered, i.e. facts that the movant was excusably ignorant of at the time of submission to the Court. 11 Charles Alan Wright et al., Federal Practice & Procedure, §2808.
>
> In any event, and as our Court of Appeals has recognized, any party requesting such relief bears a heavy burden, see *Compass Technology, Inc. v. Tseng Laboratories, Inc*., 71 F.3d 1125,1130 (3d Cir. 1995). Neither party meets that burden here. Clearly, the proffered state-court evidence is not newly discovered. *20-21, 2013 WL 6662745…More importantly, such evidence would not change the result. As we explain above, Knightbrook's duty to indemnify is not ripe for adjudication until the insured is held liable, if at all, in the underlying suit. We therefore decline to enmesh ourselves in any potential collision with the state court over determinations of the same factual question….More importantly, such evidence would not change the result. As we explain above, Knightbrook's duty to indemnify is not ripe for adjudication until the insured is held liable, if at all, in the underlying suit. We therefore decline to enmesh ourselves in any potential collision with the state court over determinations of the same factual question.' *Knightbrook*, *21

That court further noted that:

> 'It is well-established that district courts may, under certain circumstances, enter summary judgment sua sponte when that disposition helps "secure the just, speedy, and inexpensive determination" of an action, see Fed. R. Civ. P. 1. In *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)…There are three different grounds on which [the court] could recognize an exception to the notice requirement in the case of sua sponte summary judgment—the presence of a fully developed record, the lack of prejudice, or a decision based on a purely legal issue[,]"Id., 355 F.3d at 224' *Knightbrook*. *10-11

## **CONCLUSION**

For the above stated reasons this case is ripe for resolution and this Court can now issue final judgment in favor of the Defendants.


Dated:          October 21, 2021          Respectfully submitted,

                                          LEBOVITZ & LEBOVITZ, P.A.

                                          /s/Stephen H. Lebovitz
                                          Stephen H. Lebovitz
                                          shl@lebovitzlaw.com
                                          Robert A. Lebovitz, Esquire
                                          ral@lebovitzlaw.com
                                          Lebovitz & Lebovitz, P.A.
                                          2018 Monongahela Avenue
                                          Pittsburgh, PA 15218-2510
                                          (412) 351-4422
                                          Attorney for Defendant, Brimar
                                          Transit, Inc.