IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NATIONAL LIABILITY & FIRE INSURANCE COMPANY, ) ) ) | |
| Plaintiff, ) ) ) | |
| v. ) ) | Judge Nora Barry Fischer<br>Civil Action No. 18-1129 |
| BRIMAR TRANSIT, INC., ) ) ) | |
| Defendant, ) <br>and ) ) ) | |
| PITTSBURGH PUBLIC SCHOOL DISTRICT, ) ) ) ) | |
| Intervenor Defendant. ) | |

**<u>MEMORANDUM OPINION</u>**

I.  INTRODUCTION

Presently before the Court are Plaintiff National Liability & Fire Insurance Company's ("National") Motion for Reconsideration, or in the Alternative, Certification for Interlocutory Appeal and Brief in Support, (Docket Nos.130, 131), the Responses filed by Defendants Brimar Transit, Inc. ("Brimar") and Pittsburgh Public School District, (the "District"), (Docket Nos. 135; 136), National's Reply, (Docket No. 138-1), and the Sur-Reply Briefs submitted by Brimar and the District, (Docket Nos. 140; 141). In short, National challenges the Court's September 7, 2021 Memorandum Order denying it leave to file a proposed Third Amended Complaint as it neither showed good cause under Rule 16(b)(4) nor met the standards for leave to amend pursuant to Rule 15. (Docket Nos. 131; 138-1). Brimar and the District oppose both reconsideration and an

1

interlocutory appeal and also suggest that the matter is now ripe for judgment to be entered against National.  (Docket Nos. 135; 136; 140; 141).  After careful consideration of the parties' positions in light of the controlling standards, and for the following reasons, National's Motion [130] is denied. The Court will first address the motion for reconsideration and then move on to the motion for certification of an interlocutory appeal.[1]

II.     MOTION FOR RECONSIDERATION

It is well-established that the purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." *Kabacinski v. Bostrom Seating, Inc.*, 98 F. App'x 78, 81 (3d Cir. 2004) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)); *United States v. Kalb*, 891 F.3d 455, 467 (3d Cir. 2018). Because "federal courts have a strong interest in the finality of judgments," *United States v. Hoey*, Cr. No. 09-200, 2011 WL 748152, at *2 (W.D. Pa. Feb. 15, 2011) (citation omitted), the standard that must be met to prevail on a motion for reconsideration is high, *see Berry v. Jacobs IMC, LLC*, 99 F. App'x 405, 410 (3d Cir. 2004).

The Court may grant a motion for reconsideration if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence which was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *United States v. Banks*, Crim No. 03-245, 2008 WL 5429620, at *1 (W.D. Pa. Dec. 31, 2008) (citing *Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). Motions for reconsideration are not a tool to re-litigate and reargue issues

---

[1] The Court proceeds to its discussion without a lengthy recitation of the facts and procedural history because it writes primarily for the parties, who are well-familiar with the facts of this insurance coverage dispute and the underlying action styled *M.M., parent and natural guardian of K.M., a minor v. Pittsburgh Public School District and Brimar Transit, Inc.*, Case No. GD-18-003257, ("underlying action"), in the Court of Common Pleas of Allegheny County.  The background of the litigation is also sufficiently detailed in the prior opinions in this matter.  *See e.g., National Liability & Fire Ins. Co. v. Brimar Transit, Inc., et al.*, 433 F. Supp. 3d 747 (W.D. Pa. Jan. 14, 2020); Docket No. 129 (W.D. Pa., Sept. 7, 2021).

which have already been considered and disposed of by the Court, *see Hoey*, 2011 WL 748152, at *2 (citation omitted), to express disagreement with the Court's rulings, *see United States v. Perminter*, Cr. No. 10-204, 2012 WL 642530, at *7 (W.D. Pa. Feb. 28, 2012), or for addressing arguments that a party should have raised earlier, *see United States v. Dupree*, 617 F.3d 724, 732-33 (3d Cir. 2010) (quotations omitted); *Kalb*, 891 F.3d at 467. Rather, such a motion is appropriate only where the court misunderstood a party or where there has been a significant change in law or facts since the Court originally ruled on that issue. *Hoey*, 2011 WL 748152, at *2. At least at the District Court level, motions for reconsideration should be sparingly granted. *See Cole's Wexford Hotel, Inc. v. UPMC and Highmark, Inc.*, 2017 WL 432947, *2 (W.D. Pa. Feb. 2, 2017).

Here, National has not cited any intervening changes in the law nor any new evidence which was not available at the time of the Court's ruling. (Docket Nos. 130; 131; 138). Instead, National claims that the Court allegedly committed factual and/or legal errors in denying its motion for leave to amend under Rules 16(b)(4) and 15. (*Id.*). Although National lists numerous supposed errors in the Court's decision, none of its present contentions meet the stringent standard to justify reconsideration. *See Max's Seafood Café by Lou-Ann, Inc.*, 176 F.3d at 677. Contrary to National's suggestions, the Court did not overlook any of its arguments, but carefully reviewed all of the parties' submissions in light of the clearly established legal standards and exercised its discretion in determining that the proposed Third Amended Complaint was untimely and that a third amendment of National's pleading was otherwise not warranted under the prevailing standards. (Docket No. 128). The fact that National and its counsel continue to disagree with the Court's rationale is insufficient to revisit the rulings, which are fully incorporated herein. (*Id.*). Accordingly, National's motion is denied to the extent that it seeks reconsideration.

III.     MOTION FOR INTERLOCUTORY APPEAL

As to the motion seeking certification for an interlocutory appeal, section 1292(b), entitled "Interlocutory decisions," provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference in opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b). "Interlocutory appeals generally are disfavored, as piecemeal litigation 'undermines efficient judicial administration and encroaches upon the prerogatives of district court judges, who play a special role in managing ongoing litigation.'" *Doe I v. UPMC*, Civ. A. No. 2:20-CV-359, 2020 WL 5742685, at *2 (W.D. Pa. Sept. 25, 2020) (quoting *Mohawk Indus. v. Carpenter*, 558 U.S. 100, 106, 130 S.Ct. 599, 175 L.Ed.2d 458 (2009) (internal quotations omitted)). "Certification pursuant to § 1292(b) should be granted 'sparingly' and only when three conditions are met: (1) where immediate appeal may avoid protracted and expensive litigation, (2) the request involves a controlling question of law, and (3) where there is a substantial basis for differing opinion." *J.L. v. Ambridge Area School District*, Civ. A. No. 06–1652, 2008 WL 906534, at *2 (W.D. Pa. Apr.1, 2008) (citing *Milbert v. Bison Laboratories, Inc.*, 260 F.2d 431, 433 (3d Cir. 1958); *Orson, Inc., v. Miramax Corp.*, 867 F.Supp. 319, 321 (E.D. Pa. 1994)). The party seeking the interlocutory appeal has the burden to establish that all three conditions are met. *In re Norvergence, Inc.*, Civ. A. No. 08–1910, 2008 WL 5136706, at *2 (D. N.J. Dec. 5, 2008). However, this Court has discretion to deny an interlocutory appeal even if the party meets its burden. *See Bachowski v. Usery*, 545 F.2d 363, 368 (3d Cir. 1976) ("The certification procedure is not mandatory; indeed, permission to appeal is wholly within the discretion of the courts, even if the criteria are present.").

In this Court's estimation, National has not demonstrated that the Court should exercise its discretion to permit an interlocutory appeal for several reasons. First, National claims that an interlocutory appeal is appropriate so that it can challenge the Court's determination that leave to amend its proposed indemnity and unjust enrichment claims is futile under Rule 15(a)(2) because it allegedly involves a controlling question of law ripe for an interlocutory appeal. (Docket Nos. 130; 131; 138). However, courts have held that "[q]uestions about a district court's application of facts of the case to established legal standards are not controlling questions of law for purposes of section 1292(b)." *Physicians Healthsource, Inc. v. Advanced Data Sys. Int'l, LLC*, No. CV 16-3620, 2019 WL 11270469, at *4 (D.N.J. Aug. 20, 2019) (internal quotation omitted). As noted above, National does not quarrel with the standards utilized by the Court under Rules 16(b)(4) and 15(a)(2) but disagrees with the application of the facts (i.e., the allegations in the proposed pleading) to this well-established precedent. (Docket Nos. 130; 131; 138). Hence, National's continuing disagreement with the conclusions by the Court that National did not meet its burden to permit the proposed amended complaint it is not enough to justify an interlocutory appeal.

In addition, "a controlling question of law is one that is 'serious to the conduct of the litigation, either practically or legally,'" including, "one which would result in a reversal of a judgment after final hearing." *Doe I*, 2020 WL 5742685, at *2 (quoting *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3d Cir. 1974)). Yet, the Court's finding that the proposed amendment of National's indemnification and unjust enrichment claims was futile under Rule 15(a)(2) was an alternative rationale provided by the Court in further support of its denial of National's motion under Rule 16(b)(4). Since National did not meet its threshold burden to show good cause to permit the amendment under Rule 16(b)(4), there is no basis to certify a legal question for an interlocutory appeal which would not require reversal if National succeeds in its arguments. *See*

*Premier Comp. Sols., LLC v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020) ("[a] party must meet [the Rule 16(b)(4)] standard before a district court considers whether the party also meets Rule 15(a)'s more liberal standard."). In fact, the Court also provided another independent basis for denying relief under Rule 15(a)(2), i.e., National unduly delayed seeking its amendment. (Docket No. 128). Accordingly, National's motion is denied as it has not shown that its interlocutory appeal involves a controlling question of law. *Doe I*, 2020 WL 5742685, at *2.

Second, National has failed to establish a substantial ground for difference of opinion concerning the denial of its motion for leave to amend. A "'party's mere disagreement with the district court's ruling ... is not a substantial ground for difference of opinion for Section 1292(b) purposes.'" *Doe I*, 2020 WL 5742685, at *2 (quoting *Shevlin v. Phoenix Life Ins. Co.*, 2015 WL 348552, at *5 (D. N.J. Jan. 23, 2015)). "[T]he requisite difference of opinion 'must arise out of genuine doubt as to the correct legal standard,' such as a doubt 'stemming from conflicting precedent, the absence of controlling law on a particular issue, or novel and complex issues of statutory interpretation.'" *Doe I*, 2020 WL 5742685, at *2 (quoting *Shevlin*, 2015 WL 348552, at *5). For the reasons already expressed, National's dissatisfaction with one of the Court's three independent justifications for denying its motion for leave to amend falls short of this standard and its motion for an interlocutory appeal will be denied.

Third, the Court rejects National's assertion that an interlocutory appeal would materially advance the ultimate termination of this litigation. In that regard, an interlocutory appeal on the one narrow issue of futility of the proposed indemnity and unjust enrichment claims would not: "(1) eliminate the need for trial, (2) eliminate complex issues so as to simplify the trial, or (3) eliminate issues to make discovery easier and less costly*." Doe I.*, 2020 WL 5742685, at *3 (quotation omitted). To the contrary, the parties advise in their Joint Status Report that if this

motion is denied, the only remaining steps in the litigation are for the Court to enter final judgment on the remaining claims, although they dispute the procedures the Court should employ to arrive at that judgment.[2] (Docket No. 133 at ¶¶ 6-7). On the other hand, the proposed certification would not only complicate matters before this Court but would also encourage piecemeal appeals as National has separately reserved the right to challenge the duty to defend ruling as well.

All told, the Court finds that an interlocutory appeal would further delay the resolution of this straightforward insurance coverage matter and would run counter to both this Court's prior rulings and the dictates of Rule 1 "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.  If National remains unsatisfied with the Court's rulings, the appropriate procedural mechanism is to appeal the final judgment in this case at which point they may also raise any challenges to the Order denying leave to amend.

IV.    CONCLUSION

Based on the foregoing, National's Motion [113] is DENIED.  An appropriate Order follows.

*s/Nora Barry Fischer*
Nora Barry Fischer
Senior U.S. District Judge

Dated: December 23, 2021

cc/ecf: All counsel of record.

---

[2] The Court notes that National believes that the matter should be resolved via cross-motions for summary judgment under Rule 56 while Brimar and the District believe that the parties should voluntarily dismiss their respective clams or that judgment be entered under Rule 54(b) based on the prior rulings finding a duty to defend and denying the proposed Third Amended Complaint.  While the Court generally agrees with the defense that many of the substantive legal issues in this case have largely been decided, the duty to indemnify and unjust enrichment claims remain pending, with the typical procedure for resolution being summary judgment practice.  At the same time, the parties are encouraged to confer in an effort to streamline the litigation by agreeing to a proposed judgment under Rule 54(b) from which an appeal can be taken.