THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATIONAL LIABILITY & FIRE INSURANCE COMPANY<br><br>Plaintiff<br>v.<br><br>BRIMAR TRANSIT, INC.<br><br>Defendant,<br>and<br><br>PITTSBURGH PUBLIC SCHOOL DISTRICT<br><br>Intervenor-Defendant | : : : : : : : : : : : : : : : : | Civil Action No. 2:18-cv-01129-NBF |

**NATIONAL LIABILITY & FIRE INSURANCE COMPANY'S
<u>MOTION FOR SUMMARY JUDGMENT</u>**

Plaintiff National Liability & Fire Insurance Company ("National"), by and through its undersigned counsel, and pursuant to Federal Rule of Civil Procedure 56 and Local Civil Rule 56 of the United States District Court for the Western District of Pennsylvania respectfully moves for summary judgment in its favor with respect to its Second Amended Complaint and dismissal of defendant Pittsburgh Public School District's Counterclaim as a matter of law.

In accordance with Local Civil Rule 56, in support of the Motion National submits its Concise Statement of Material Facts, supporting Memorandum of Law, Declaration of Wendy Enerson, Esq., Affidavit of Mark Richardson, and Appendix.

As explained more fully in National's supporting Memorandum of Law, which is incorporated herein by reference, the Underlying Action fails to allege bodily injury resulting from the use of a covered "auto," and therefore coverage does not exist under the business auto insurance contract between National and Brimar. Additionally, the "Abuse or Molestation Exclusion"

contained in the National policy of insurance plainly precludes coverage for the Underlying Action, which is a claim for damages arising from sexual abuse and molestation.

Accordingly, National is entitled to summary judgment on its complaint as a matter of law regarding Brimar and the School District's claims for indemnity coverage under the Policy. National respectfully requests for a judgment to be entered declaring that National has no duty to indemnify Defendants for the claims against them in the Underlying Action. Additionally, as provided by the clear terms of the Policy, National is entitled to reimbursement of the defense costs (including attorney's fees) that it has paid on behalf of Brimar and the School District. Because the Policy does not afford coverage, National is also entitled to reimbursement from Brimar and the School District of all monies paid in the settlement of the Underlying Action. National respectfully requests that this Honorable Court enter judgment in its favor and against Plaintiffs Brimar Transit, Inc. and Pittsburgh Public School District in this matter, and enter the attached Order.

Respectfully submitted,

**COZEN O'CONNOR**

Dated: March 16, 2022        By:     */s/Wendy Enerson*
Wendy N. Enverson, Esquire
(*admitted pro hac vice*)
123 North Wacker Drive, Suite 1800
Chicago, IL 60606
(312) 382-3162
wenerson@cozen.com

-and-

Charles J. Jesuit, Jr., Esquire
(*admitted pro hac vice*)
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103

215-665-6967
cjesuit@cozen.com

-and-

Paul Steinman, Esquire
One Oxford Centre
31 Grant St., 41st Floor
Pittsburgh, PA 15219
412-620-6544
psteinman@cozen.com

*Attorneys for Plaintiff National Liability & Fire Insurance Company*