IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |  |
|---|---|---|
| NATIONAL LIABILITY & FIRE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 2:18-cv-1129 |
| vs. | ) ) | |
| BRIMAR TRANSIT INC., | ) ) | |
| Defendants, | ) ) | |
| and | ) ) | |
| PITTSBURGH PUBLIC SCHOOL DISTRICT, additional insured | ) ) ) | |
| Intervenor Defendant. | ) ) ) | |

## AFFIDAVIT OF JAIME N. DOHERTY, ESQ

I, Jaime N. Doherty, Esq., being duly sworn according to law, do hereby swear or affirm that the following facts are true and correct to the best of my personal knowledge, information and belief:

1. I am a shareholder in the law firm GRB Law, 525 William Penn Place, Suite 3110, Pittsburgh, Pennsylvania 15219.

2. I represent the Pittsburgh Public School District in the above captioned matter as well as the underlying action styled <u>M.M., parent and natural guardian of K.M., a minor v. Pittsburgh Public School District and Brimar Transit, Inc.</u>, Case No. GD-18-003257 (the "Underlying Suit").

1

3. I make this statement based upon my personal knowledge and review of documents in representing the Pittsburgh Public School District in the above captioned matter and the Underlying Suit.

4. Discovery in the Underlying Suit was not completed.

5. Expert discovery in the Underlying Suit was not completed.

6. The parties did not depose the alleged perpetrator of the alleged assault.

7. The parties did not depose the student witnesses in the school bus at the time of the incident.

8. The parties did not depose the regular driver of the bus that was the subject of the incident, Shaniece Johnson, who went out on maternity leave.

9. The parties did not depose the "substitute" male driver who took over during some of the regular driver's maternity leave.

10. The parties did not depose the plaintiff's counselor.

11. All of the above witnesses had information related to the allegations in the complaint in the Underlying Suit, and their testimony would have presumably been sought by at least one of the parties had the case proceeded to trial.

12. No party in the Underlying Suit filed any motions for summary judgment on any issues.

13. The Court in the Underlying Suit did not make any factual findings relative to the allegations in the Complaint.

14. The Court in the Underlying Suit did not make any legal rulings eliminating any of plaintiff's potential claims in the Complaint.

15. On November 6, 2020, the parties in the Underlying Suit participated in mediation with National's coverage counsel also present.

16. National controlled the mediation and negotiated directly with Plaintiff on the amount of settlement.

17. Neither Brimar nor the District were asked for any input on the settlement amount.

18. National offered Plaintiff $150,000, which was later accepted by Plaintiff, to settle the Underlying Suit.

19. National voluntarily paid Plaintiff $150,000 to settle the case.

20. Neither Brimar nor the District were asked by National to contribute to the settlement amount.

21. Neither Brimar nor the District were asked by National to reimburse National for defense costs or the settlement payment.

22. National threatened to renege on the settlement if it was unable to include language in the settlement agreement that it was reserving some hypothetical, nonexistent right to reimbursement of defense costs and the settlement payment.

23. After learning that Plaintiff in the Underlying Suit intended to sue the District as well as Brimar, the District tendered its claim to National through Brimar on December 19, 2017.

24. National did not provide the District a defense nor did National provide a reservation of rights letter in response to the District's tender.

25. This Court entered an order on January 14, 2020 finding that National owed the District a defense in the Underlying Suit.

26. National did not provide reimbursement of defense costs, nor a defense in the Underlying Suit at that time (January 14, 2020).

27. The District produced all invoices of defense costs to date in the underlying action in discovery in this matter on July 17, 2020.

28. On January 22, 2021, prior to reimbursing the District for any defense costs, National proposed to file a Motion for Leave to Amend its complaint a third time to add, inter alia, claims against the District for reimbursement of defense payments (of which it had paid none) and settlement funds based upon unjust enrichment.

29. National proposed and the Court ordered National to file its Motion for Leave to Amend by February 12, 2021.

30. On February 11, 2021, District counsel received a check via overnight Federal Express purporting to be partial payment for the District's defense costs.

31. National filed its Motion for Leave to Amend on February 12, 2021 which was later denied by the Court.

Dated: April 5, 2022

_____
Jaime N. Doherty, Esq.

State of Pennsylvania )
                      )
County of Allegheny   )  ss

Sworn to and subscribed before me this  5th  day of  April , 2022.

_____
Notary

My Commission Expires: 2/8/23

Commonwealth of Pennsylvania - Notary Seal
Christine Borelli, Notary Public
Allegheny County
My commission expires February 8, 2023
Commission number 1014514
Member, Pennsylvania Association of Notaries

4