**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| NATIONAL LIABILITY & FIRE INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Judge Nora Barry Fischer |
| | ) Civil Action No. 18-1129 |
| BRIMAR TRANSIT, INC., | ) |
| | ) |
| Defendant, | ) |
| and | ) |
| | ) |
| PITTSBURGH PUBLIC SCHOOL DISTRICT, | ) |
| | ) |
| Intervenor Defendant. | ) |

## MEMORANDUM ORDER

### I.    INTRODUCTION

Presently before the Court are competing proposed judgments submitted by National Liability & Fire Insurance Company ("National") and the Pittsburgh Public School District (the "District") regarding National's duty to defend and duty to indemnify claims and an uncontested Motion to Withdraw as Attorney on behalf of Brimar Transit, Inc. ("Brimar") filed by Stephen Lebovitz, Esq., Robert Lebovitz, Esq. and their law firm, Lebovitz & Lebovitz, P.A. (Docket Nos. 182; 186; 187; 189; 190; 191). National has also initiated a new lawsuit against Brimar and the District at Civil A. No. 24-453 asserting claims for contractual recoupment of defense costs and unjust enrichment against both. *See National Liab. & Fire Ins. Co. v. Brimar Trans., Inc. et al.*, Civ. A. No. 24-453, Docket No. 1 (W.D. Pa. Mar. 25, 2024). Having carefully considered the parties' positions in light of the Third Circuit's Opinion and Mandate and the allegations set forth in the new lawsuit, and for the following reasons, the Court will adopt National's proposed judgment as to Counts I and III of its Second Amended Complaint, dismiss any remaining claims

in Civil A. No. 18-1129, without prejudice, to be litigated in Civil A. No. 24-453, and grant the motion to withdraw on behalf of Brimar in this action.

## II.    PROPOSED JUDGMENTS

Since the parties are familiar with the facts of this insurance coverage matter, which are set forth in several prior decisions, including the Opinion of the U.S. Court of Appeals for the Third Circuit remanding the case for further proceedings, the Court focuses on the parties' arguments and the legal principles at issue.  *See National Liability & Fire Ins. Co. v. Brimar Transit, Inc.*, App. No. 22-2565, 2023 WL 6172886 (3d Cir. Jul. 13, 2023).  The essential dispute set forth in the parties' competing proposed judgments is whether the Court should enter partial judgment in favor of the District and declare that it is an additional insured under the Policy.  (Docket Nos. 183; 190; 191).  The District points out that this Court initially held in its Opinion on the motion for judgment on the pleadings that it was an additional insured under the Policy and claims that the Court of Appeals did not expressly overrule such decision while National counters that a judgment in favor of the District on that issue is beyond the scope of the Court of Appeals' Opinion and Mandate.  (*Id.*).

As this Court has previously recognized,

> [i]t is well established that upon remand from the Court of Appeals it is this Court's responsibility to consult the mandate of the Court of Appeals and to determine the scope of proceedings authorized thereunder. *See United States v. Kennedy*, 682 F.3d 244, 253 (3d Cir. 2012). The so-called "mandate rule" provides that "on remand for further proceedings after [a] decision by an appellate court, the trial court must proceed in accordance with the mandate and the law of the case as established on appeal." *Id*. at 252-53 (citing *Bankers Trust Co. v. Bethlehem Steel Corp.*, 761 F.2d 943, 949 (3d Cir. 1985)). "A trial court must implement both the letter and spirit of the mandate, taking into account the appellate court's opinion and the circumstances it embraces." *Id*.
>
> …

2

>Further, "[a] party may not litigate on remand or subsequent appeal issues that 'were not raised in [the] party's prior appeal and that were not explicitly or implicitly remanded for further proceedings.'" *United States v. Smith*, 751 F.3d 107, 122 (3d Cir. 2014) (quoting *Skretvedt v. E.I. DuPont De Nemours*, 372 F.3d 193, 203 (3d Cir. 2004)).

*United States v. Moreno*, No. 10-117, 2016 WL 7178775, at *2 (W.D. Pa. Dec. 9, 2016).

Here, the Court of Appeals' Mandate expressly states that the "Order entered by the District Court of January 14, 2020 is reversed and remanded [...] in accordance with the Opinion of the Court." (Docket No. 170). In its Opinion, the Court of Appeals noted that this Court held that National had a duty to defend both Brimar and the District and later concluded that it also had to indemnify them. *See National*, 2023 WL 6172886, at *1. However, the Court of Appeals determined that the pleadings in the underlying case "did not forge a strong enough link between the use of the school bus and K.M.'s injuries" such that National did not have a duty to defend them under the Policy and reversed both Orders. *Id*. at *4. The Court of Appeals further added that it did not need to address the other challenges raised by National, including the determination that the District was an additional insured under the Policy, because that issue was moot. *See id*. at n.3. Finally, the Court of Appeals declined to "opine on the additional question of National's entitlement to be reimbursed for the defense costs it advanced to Brimar and the District, as well as the settlement it funded with the plaintiffs [in the underlying suit]" and stated that this Court was "better positioned on remand to address these issues." *Id*. at n.4.

In this Court's estimation, the District's requested declaration that it is an additional insured under the Policy is beyond the scope of the Mandate and Opinion of the Court of Appeals which reversed the Court's Order of January 14, 2020 and set aside this Court's prior ruling on that issue. *See Kennedy*, 682 F.3d at 252-53. It also appears that National's proposed judgment more appropriately follows the directives of the Court of Appeals. (*See* Docket No. 191). Given same,

the Court will adopt National's proposed judgment as to Counts I and III of its Second Amended Complaint. *Id.*

In addition, the only remaining claim in Civil A. No. 18-1129 is National's claim for contractual reimbursement against Brimar at Count II in the Second Amended Complaint. (Docket No. 46). At the direction of the Court, National filed a new lawsuit asserting claims for contractual reimbursement and unjust enrichment against Brimar and the District at Civil A. No. 24-453. (Docket No. 185). Since National's contractual reimbursement claim has been restated in the newly filed Civil Action No. 24-453, Count II in the Second Amended Complaint of Civil A. No. 18-1129 will be dismissed, without prejudice, to the prosecution of the claims in the lawsuit at Civil A. No. 24-453.

III.    MOTION TO WITHDRAW

The Court next turns to the motion to withdraw as counsel for Brimar filed by Stephen and Robert Lebovitz and their law firm. (Docket Nos. 182; 189). Counsel report that Brimar's sole owner passed away in April of 2022 at a time when the company was in the process of ceasing operations, the business has not been operational since his death, and the son and executor of the owner's estate has instructed them to withdraw. (Docket No. 182). National and the District do not oppose granting the motion to withdraw now that the Court has resolved the parties' disputes as to the proposed judgments. (Docket Nos. 186; 187). Having considered the parties' positions and the procedural posture of this case, the Court will exercise its discretion and grant the motion to withdraw.

> "It has been the law for the better part of two centuries ... that a corporation may appear in the federal courts only through licensed counsel." *Rowland v. California Men's Colony*, 506 U.S. 194, 201-202 (1993). Whether to grant or deny a motion to withdraw as counsel is within the discretion of the court. *Erie Molded Plastics, Inc. v. Nogah, LLC*, 520 F. App'x 82, 84 (3d Cir. 2013) (citing

> *Ohntrup v. Firearms Center Inc.*, 802 F.2d 676, 679 (3d Cir. 1986)).
> Courts consider factors such as: (a) the reasons why withdrawal is
> sought; (b) the prejudice withdrawal may cause to other litigants; (c)
> the harm withdrawal might cause to the administration of justice;
> and (d) the degree to which withdrawal will delay the resolution of
> the case. *Miller v. Native Link Constr., LLC*, No. CV 15-1605, 2019
> WL 1277172, at *1 (W.D. Pa. Jan. 29, 2019).

*Bradford Energy Cap., LLC v. SWEPI LP*, Civ. A. No. 17-1231, 2021 WL 2865429, at *1 (W.D. Pa. July 8, 2021) (Horan, J.). While consideration of such factors is not mandatory and none of the factors are necessarily dispositive, *see Ohntrup v. Makina Ve Kimya Endustrisi Kurumu*, 760 F.3d 290, 295 (3d Cir. 2014), the Court of Appeals has held that counsel "is entitled to withdraw once his appearance continues to serve no meaningful purpose." *Erie Molded Plastics, Inc.*, 520 F. App'x at 85.

It is this Court's opinion that the suggested factors weigh in favor of granting counsel's motion to withdraw from this lawsuit at Civil A. No. 18-1129 because their presence would serve no meaningful purpose. *See id*. To that end, counsel has proffered legitimate reasons to withdraw as Brimar is no longer a going concern, its owner has passed away and the executor of the owner's estate has instructed them to withdraw. *See Bradford Energy Cap.,* 2021 WL 2865429, at *1. The Court was also informed at a status conference that counsel was no longer being paid by Brimar for services rendered on its behalf in this case. (Docket No. 181). There is no prejudice to the opposing parties as both National and the District have consented to the withdrawal. *Id*. Further, now that judgment will be entered on the declaratory judgment claims and no other claims remain in Civil A. No. 18-1129, there are no other matters that will need to be addressed in this lawsuit. *Id*. Of course, it will be up to Brimar and its representatives to determine if counsel will be entering an appearance to defend the claims for damages National has brought against it in the new lawsuit

at Civil A. No. 24-453. Accordingly, the motion to withdraw by Stephen and Robert Lebovitz and their law firm, Lebovitz & Lebovitz, P.A., will be granted.

IV.    CONCLUSION

Based on the foregoing,

IT IS HEREBY ORDERED that the Motion to Withdraw as Attorney on behalf of Brimar Transit, Inc. ("Brimar") filed by Stephen Lebovitz, Esq., Robert Lebovitz, Esq. and their law firm, Lebovitz & Lebovitz, P.A [182] is GRANTED;

IT IS FURTHER ORDERED that the District's proposed judgment [190] is DENIED and National's proposed judgment [191] is GRANTED and will be adopted by the Court; and

FINALLY, an appropriate Judgment follows.


_/s Nora Barry Fischer_
Nora Barry Fischer
Senior U.S. District Judge


Dated:  April 30, 2024

cc/ecf:  All counsel of record.

6